June 02, 2015

Abel Acosta Clerk of the Texas Court
of Criminal Appeals
201 West 14th Street
Austin, Texas 78701

DATE: 6/4/15
FILE IN WRIT FILE
BY:

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 02 2015

Abel Acosta, Clerk

Nema Bardin
P O Box 772
Austin, Texas 78767
512-487-0197
email: bardin.nema@yahoo.com

Re: Amended Emergency Writ of Habeas Corpus WR-78, 165-02 Chadrick B. Pate Applicant,
    Nema Bardin Petitioner

Dear Mr. Acosta,

As you know, I hand delivered a Original Writ of Habeas Corpus appealing from a Void
Judgment in Cause No. A-08-5080-4cr from the Aransas County District Court 36th Judicial
District Aransas County Texas Judge Janna Whately presiding on May 19th, 2015

You were kind enough to go over the paperwork with me and after a discussion about it's
contents you took the Writ for filing. During the discussion of the contents I asked you about the
time frame for decisions on Original Writs filed straight into the Court of Criminal Appeals with
the kinds of serious allegations that I as petitioner had leveled against the 36th District Court
Aransas County, Texas.

You advised me that you were bound by no rules for a time for a decision. With that knowledge I
came back to study the rules of procedures once again, and based upon that study and my limited
understanding as a layman, I am now filing the above mentioned Amended Original Emergency
Writ by also hand delivering it to the Court for filing.

I am respectfully requesting that the Writ be delivered to one or more Justices as soon as is
possible, understanding that the Justices have the inherent power to waive any procedural rules
in order to bring releif on and emergency basis. Rule 2 of the TRAP.

I have taken note that no action as of today at 1 pm. Central Standard time has been taken on the
Writ filed on May 19th, 2015, in accordance with the Texas Criminal Court of Appeals website
under case mail.

Thank You for your consideration in this matter,

Respectfully,

Nema Bardin

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.          WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
  APPLICANT

NEMA BARDIN
 PETITIONER
        V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

## AMENDED

## EMERGENCY APPLICATION FOR ORIGINAL WRIT OF HABEAS CORPUS
### FILED JUNE 02, 2015

## IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS
## WRIT NO.    WR-78,165-02

EX PARTE

CHADRICK B PATE TDCJ #01563340
APPLICANT

FROM THE THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY
TRIAL JUDGE

## AMENDED

## EMERGENCY APPLICATION FOR ORIGINAL WRIT OF HABEAS CORPUS PURSUANT TO
## ARTICLE V, SECTION 5 OF THE TEXAS CONSTITUTION AMENDMENTS 1, 5, 6 and 14 OF THE UNITED STATES CONSTITUTION TEXAS COMMON LAW AND THE COURTS INHERENT AUTHORITY

## TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Petitioner Nema Bardin on behalf of Applicant Chadrick B. Pate and respectfully submits this AMENDED Emergency Original Writ Of Habeas Corpus petitioning for relief from a Void Judgment in **Cause No. A-08-5080-4CR Chadrick B. Pate . Trial Court Judge Janna K. Whately.**

The Initial Habeas Corpus presented under Article 11.07 **No. WR-78,165-01** received no "adjudication on the merits " by the Trial Court or by the Court of Criminal Appeals.

The Judgment, Sentence and Conviction pursuant to The Judgment rendered by the Trial Court

1.

and executed by Trial Court Judge Janna K. Whatley in Cause No. **A-08-5080-4CR CHADRICK B. PATE** from the 36th Judicial District Court Aransas County is: Void for Violation of Due Process under the Texas Constitution and the United States Constitution , and for Fraud on the Court by the Court.

## JURISDICTION

The Court of Criminal Appeals has Original Jurisdiction under Article V, Section Five of the Texas Constitution , Article 1, 5, 6 and 14 of the United States Constitution, Texas Common Law and the Courts Inherent Authority. **State v. Johnson, 821 S W 2d 609. 612 Tx. Crim. App. 1991** held a court of criminal appeals may take action only if that action is authorized by constitutional provision, statute, or Common law, or the power rises from an inherent or implied power. **Mooney v. Holohan, 294 U.S. 103-113** held "To deprive a citizen of his only effective remedy would not only be contrary to the rudimentary demands of justice but destructive of a constitutional guaranty specifically designed to prevent injustice. **Fay v. Noia 372 U.S. 391 Sup. Ct. 1963.**

**The Writ lies as a traditional civil remedy for the enforcement of the right to personal liberty, not as a stage of the state criminal proceedings or as an appeal therefrom.**

**Exparte Giambonini 117 CAL 573, 49 P 732;** VOID judgment is Never final and a judgment acquired through violation of "due process of law" and Fraud is void and never becomes final.

**Dubai Petroleum Co. v. Kazi 12 S W 3d 71 76 (Tex. 2000,)** A judgment will never be considered final if the court lacked subject matter jurisdiction. It is well settled law that a legal action by a court without jurisdiction is a nullity.his Habeas Corpus is a collateral attack on a void judgment A collateral attack is any proceeding to avoid the effect of a judgment which does not meet all the requirements of a valid direct attack. There is neither a set procedure for a collateral attack nor a statute of limitations. **See Glunz, 908 S W 2d at 255: Davis v. Boone, 786 S. W.2d 85,87 (Tex.App-San Antonio 1990, no writ).**

2

# PROCEDURAL HISTORY

Applicant was charged in a two count indictment with Murder Texas Penal Code 19.02 (Count 1)

Aggravated Assault Texas Penal Code 22.02/ Engaging in Organized Criminal Activity (Count 11)

. On February 12, a jury found Applicant guilty of Murder. On February13, 2009, the jury assessed the

maximum punishment, ninety nine (99) years or life confinement in the Texas Department of Justice-

Institutional Division and a $10,000.00 fine. Applicant filed his notice of appeal on February 25,

2009. Applicant then appealed his conviction through court appointed attorney. That Court affirmed

the Trial Court's judgment on October 7, 2010: Applicant Pro Se Petitioned for Discretionary Review

was refused on May 25, 2011. The final mandate issued on June 21, 2011.

Applicant then filed Habeas Corpus 11.07 through a paid Habeas Attorney Carrie Crisp. Ms. Crisp

proved to be inexperienced and refused to present Applicant's number one Ground for Relief Void

Judgment for lack of Jurisdiction. When Applicant's Mother found out that Ms. Crisp did not include

the Ground he had his Mother with his Power of Attorney to amend the Habeas and add

the Ground for Void Judgment as his number one (1) ground. There were no hearings or factual

findings by the trial court and none by this Court. See **WR-78,165-01** in Court Record.

Applicant's Writ was denied without Written Order on 3/6/13. Because Applicant is not skilled in the

law he did not know to Appeal the 3/6/13 decision and thought that his opportunity to file a Federal

Habeas Corpus was nearing the deadline. He then filed a Pro Se Habeas Corpus pursuant to 28 U S C

2254 that court conducted NO evidentiary hearing and denied the Writ with prejudice and no COA.

Applicant discovered that because his trial court judgment was void he filed into the Trial Court

Motion to Vacate Judgment on 12/5/14. After providing the trial court every opportunity to provide

releif, by requesting on at least 3 occasions a decision, when the court had still not ruled or

corresponded with Applicant he then withdrew that Motion on 5/18/15. There are no other motions

3

pending in this matter at this time. Applicant is presently in custody of Texas Department of Criminal Justice System Stiles Unit Beaumont Texas.

## EMERGENCY RELIEF

Applicant has been illegally incarcerated under the trial court's illegally obtained Void Judgment since May 5th, 2008. (more than 7 years) He has proclaimed his innocence from the time he was charged with the horrific crime of murdering his own best friend. He mourned the death of his friend in a jail cell while waiting for the Justice system to bring justice to both him and his best friend. However the Officer who's task it was to bring justice to Applicant instead worked diligently to Convict him , they abused all of Applicant's constitutional due process rights, and committed fraud to obtain an illegal and void conviction. Applicant has gone through physical and mental abuse while imprisoned, suffered racism at the hands of the staff and inmates in TDCJ lost the connection with most of his family and all of his friends, his son who was 5 years old at the time of his incarceration has suffered greatly from his Father's incarceration and needs the guiding and loving wisdom of his Father today not later. Applicant is not guilty of murdering his friend, and it is the State of Texas and officers of the Court who illegally obtained an illegal Conviction and stole his liberty, His liberty is due today not later. It is an affront to the Applicant the Judicary and the very society that expects that the Judical System will do Justice, that Applicant would have to spend one day longer incarcerated under such an intolerable abuse of power by the Trial Court and Officer's of that Court.

The cost of defense for his freedom has devastated his finances and that of his family. The mental and emotional suffering and the loss of his liberty is irreparable. The procedures required in any legal process to obtain Applicant's liberty is long, and tedious requiring months for the Courts to provide relief to Applicant because of the procedures that Courts employ.. The Petitioner has provided proof in this Application for Emergency Original Habeas Corpus Relief through providing the Trial Courts on Records and Affidavits that support a finding of a Void Judgment acquired thro ugh violation of Applicant's due process rights, through fraud upon the court, and through the officer's of the court tampering with the trial court/government record. Because there is no efficient or quick remedy for the relief that Applicant deserves, Petitioner respectfully requests that this Court use his inherent authority to waive rules and procedures and provide an immediate decision for relief, or in the alternative permit BAIL under a P R bond until the Court can reach a decision on the Petitioner's Original Application for Habeas Corpus relief.

Where a void judgment has been rendered and the record in the cause, or judgment roll reflects the vice, then the court has not only the power but the duty and even after the expiration of the term to set aside such judgment. **Harrison v. Whitely, Tex Crim App 6 S W 2d 89.**

## MANDATORY RELIEF

Relief under void judgment Statute is Mandatory, **Carter v. Fenner 136 F 3d 1000, 1005 (5th Cir) 1998.** a void judgment decree or order may be vacated at any time on motion of a party or any person affected thereby. **Johnson v, Zerbst 304 U.S,.458 Supreme Court 1938** showing when court

4

violates Constitutional Rights they lose jurisdiction to proceed to trial and the conviction is void.

## EVIDENTARY HEARING

**Petitioner request evidentary hearing if the Court cannot determine that relief is required through the facts presented.**

## STATEMENT OF THE CASE

A grand jury in Aransas County Texas in the 36th Judicial District of Aransas County indicted

Applicant Chadrick B. Pate in a 2 count indictment under Penal Codes 19.02, 22.02 and 71.02

along with 4 co defendants on June 24, 2008 **See Ex # 2 Indictment**. Applicant was the last to

be arrested of the other co defendants. Applicant was arrested on May 5, 2008 when the Aransas

County Sheriff(Mark Gilliam) illegally had his pre trial supervision (on a separate case ) revoked and

had the bondsman withdraw his bond. Applicant had violated any pre trial supervision requirement.

Thus when the indictment was presented to him he was already in custody of the Aransas County

Jail, who controlled all of his movements to and from the pre trial court and the trial court .and where

he remained until he was released into the custody of the Texas Department of Criminal Justice in

2009. There is NO Record of the Sheriff or Jail Personnel statement of Applicant's Good Conduct

submitted to the Texas Department of Criminal Justice. Applicant plead NOT GUILTY to all charges.

Because the State brought the charges against Applicant jointly in a single indictment , Applicant had

his Defense Attorney John Gilmore file a "Motion for Severance of Defendant and Offenses" on July

31st 2008. See Ex # 1. At some point 3 of the co defendant's took plea deals to testify against

Applicant and the only other co defendant (Hall) who plead Not Guilty as well.

Applicant's Attorney John Gilmore came to the jail only twice to visit client although Applicant

asked numerous times to see him. Both Applicant and Petitioner asked Mr. Gilmore numerous

times about the Severance, he told both Applicant and Petitioner only a few days before a joint

5

trial with the other co defendant(Hall) that his Motion for Severance had been denied. (This was not true) However Applicant did not know about this lie, until after the trial was over, after his Appeal in the 13th Court of Appeals had been denied and not until he was proceeding with a State Habeas Corpus pursuant to Article 11.07.

The trial Court and it's officers' held Ex parte pre trial hearings in both Applicant's **cause no. A-08 -5080-4CR and co defendant' Hall's cause no.(s) A-08-5080-2Cr and S-08-5080-2.**

The trial court and it's officers tampered with the official government documents in Applicants Criminal Trial Court proceedings in **cause no. A-08-5080-4CR** and in co defendant Halls Criminal Proceedings that directly affected Applicant's Criminal Proceedings.

The trial court and officers of the court committed fraud on the court when they concealed ex parte proceedings from the Applicant, Jury, Courts of Appeals, Public and the Trial Court itself.

Although Applicant timely and properly filed his Motion for Severance of Defendant and Offenses at a pre trial on 7/31/08, he never received a formal hearing on his Motion where the pre trial court ruled on the motion by granting or denying the motion where a written record with factual findings were entered onto the record of the court and where the proceedings were recorded and made a part of the trial court record.

The trial court and it's officers entered into a scheme to convict Applicant of a crime that he did not commit through the manipulation of the judiciary by tampering with government records concealing ex parte hearings, government documents and through the violations of Applicant's due process rights. This scheme started first before the pre trial and trial when Aransas County Sheriff Mark Gilliam had Applicant's bond revoked on a separate prior offense for which applicant was on pre trial probation and arrested him for a violation of his pre trial probation although he had not violated that probation. Applicant was arrested at gun point at his Mother's home and taken into custody by numerous agents that included the Austin police department ATF and other unknown officer.

6

The officer's told Applicant and his Mother that he was being arrested for violation of probation due to a murder that he was accused of being involved.

Then next when the State and Grand Jury indicted applicant jointly with the other co defendants and charged him with the Crime. Then when Applicant was held in the Aransas County jail awaiting trial the Jail employees and detectives/ investigators in the case would not allow him to take his legal paperwork with him when he was transferred from the Aransas County Jail to another jail in Crystal City.

They refused him the right to take his defense records and discovery with him and then they did not keep his records safe when transporting him from one jail to another but rather they took his discovery records and defense notes to the trash where it is believed by the Petitioner and the Applicant that the jailers and the investigators employed the scheme to take his records from a dumpster where they had been deposited by the jailers and they investigators planned to use the information against him or at least to their advantage to help in the conviction of the Applicant.

The scheme continued at the pre trial, the trial and even after the trial during the certification of the Judgment Record into the various Courts of Appeals. The scheme at pre trial and trial revolved around Applicant's properly and timely filed Motion for Severance of Defendant's and Offenses filed on 7/31/08 which was 38 days after the date of the Indictment. That same day at an Ex parte (un-recorded by Court Reporter ) Announcement proceeding one of the Judges granted a Motion for Continuance, but did not hear or consider the Motion for Severance. The pre trial judge evidently continued the Motion for Severance to 9/25/08 a full 55 days later, 55 days that the Applicant would have used to plan his defense accordingly had the Motion for Severance had a ruling at the time it was filed and presented to the pre trial court. Janna K. Whately the trial judge had ruled in an Ex parte hearing on the Discovery of all of other Applicant's Discovery Motions that had been filed on 5/27.2008 on 7/24/08 which was less than one month after the Motions had been filed.

7

Applicant did not appear at the Discovery Proceedings nor did he know about the proceeding.

The trial court record will reflect that at a 9/25/08 hearing the Motion for Severance was scheduled for a hearing, however the Pre trial Judge (Wellborn) continued the Motion to a later date. The later date that he set the Motion to continue is questionable because the Applicant's Criminal Docket Sheet shows that a Announcement date was set for 10/03/08, however there is no Recorded Proceeding in the trial court Record for 10/03/08. There is a fraudulent entry 10/30/08 onto the Applicant's Criminal Docket Sheet that shows a Ex parte un recorded proceeding where someone entered DX Motion for Continuance there is no entry as to the Severance issue.

Clerk did not enter the Order to Continue the Severance onto the Record. The Record will reveal that at this 9/25/08 pre trial hearing the pre trial Judge set Applicant's Trial date to 11/03/08 which was 39 days away from the 9/25/08 hearing.

The trial court record reveals that there was No hearing ever held on Applicant's Motion for Severance Either prior to the trial date of 11/03/08 or after the trial date of 11/03/08. The trial court record reveals that Applicants Trial was **not** held on 11/03/08.

The trial court record will reveal no recorded proceedings or written orders or motions that would have continued Applicant's trial to a later date than that Court Ordered trial date of 11/03/08.

The trial court record will reveal that starting on 10/30/08 (3 days before the trial date was scheduled) the Record of Applicant's pre trial and trial were tampered with when fraudulent entries of Motions, Orders, Reset trial dates and Announcements were entered onto Applicant's Criminal Docket Sheet and onto the Clerk's Record. The trial court record will reveal that even prior to 10/30/08 the District Clerk failed to enter legitimate Oral and Written Motions and Orders onto the Applicant's Criminal Docket Sheet and the Clerk's Record.

The trial court record reveals that co defendant Hall's trial date was also set for 11/03/08 however it also reveals that Hall's trial date was continued to 1/5/09 at a pre trial hearing on 10/23/08 and

8

continued again to 2/09/09 at a pre trial hearing on 12/22/08.

**See Ex # 8 10/23/08 Court Reporters Record Volume 4 of 11 page 5**

**line 16-25 and page 6 line 1-3.** Judge Johnson continued Hall's trial date to 1/5/09 and he reminded Applicant's Defense Attorney Gilmore, The State, co defendant Hall, co defendant's attorney Stan Turpin. and the Clerk of the Court, that he would be back in November to hear Applicant's case. Applicant did not appear at this proceeding that took place on 10/23/08 and he did not appear at any pre trial proceedings other than his Motion to Dismiss during the entire tine from 6/24/08 to 2/9/09.

He did not know about any pre trial hearings, as his attorney told him nothing about them.

The Court violated it's own Court Order when the Court failed to hold Applicant's Court Ordered Trial on 11/03/08 .

He did not know that Judge Joel Johnson had Severed his trial. It was after the pre trial hearing on 10/23/08 when Officers of the Court accelerated their scheme to keep Applicant joined for trial by illegally REJOINING him to the trial of his co defendant Hall by tampering with government records, filing fraudullent proceedings, motions, orders and Reset Trial Dates.

Applicant was tried in a illegal joint trial with the co defendant , found guilty and sentenced to 9'9 years or life and a $10.000.00 fine. The Trial Court Judge certified into the Court of Appeals Corpus Christi, Texas a Fraudulent Judgment Record, that included fraudulent documents, and excluded the fraudulent proceedings that they used to rejoin Applicant's Trial with the co defendant. That same Judgment Record followed Applicant to the 13th Court of Appeals Corpus Christim where he filed his Appeal. then this Court when he filed his 11.07 Habeas Corpus, and again when he filed his Federal Habeas Corpus into the Southern District Houston, Texas. .

Throughout the Memorandum that follows you will see through the review of the Trial Court Record itself just standling alone that Applicant did not know that Judge Johnson had severed his trial from the co defendant. You will see the use of fraud, tampering with the government records of the trial and

9

the violation of Applicant's his due process right to a fair and impartial trial, opportunity to be heard, and notice and how they were used to deceive him to convince him that his Timely filed "Motion for Severance of Defendant and Offenses " filed 7/31/08 **See Ex# 1** had been Denied. The Trial Court Record reveals the Fraud, the tampering with the record and the numerous violations of due process used to illegally Convict Applicant and to enter a Void Judgment against him. It was not just one Officer of the Court that participated in the fraud but all of them.

The Trial Court and it's Officer's of the Court committed fraud and violated Applicant's right to Due Process under the U.S. Constitution Amendments 1,5, 6, and 14 and Article 1 and 10 of The Texas Constitution. **See: Ballard v. Hunter 204 , U.S. 241, 255 (1907). Palmer v. McMahon, 133 U.S. 660,668 (1890) and ICC v. Louisville and Nashville R 227 U.S. 88,93-94 (1913). and The Administrative Procedure Act, 5 USC 556(d). and Exparte Young 418 S. W. 2d 214.223.**

The trial court and it's officers committed fraud on the court when they set into motion a scheme calculated to interfere with the judicial system's ability impartially to adjudicate the matter of Applicant's properly filed Motion for Severance first and in doing so to influence the trier of fact and unfairly hampered the presentation of Applicant's Defense Motion and his NOT GUILTY claim. Fraud on the court occurs where it can be demonstrated, clearly and convincingly that a party has sentiently set into motion a scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. **AOUDE v. Mobil Oil Corp., 892 F.2d. 1115,1118 (1st Cir. 1989).** It is fraud that denies a losing litigant the opportunity to fully litigate at trial his rights or defenses that could have been asserted. **Alexander, 266 S W 2d @ 1001: King Ranch, Inc. v. Chapman, 118 S W 3d 742,752 (Tex. 2003)** . Each of these conditions occurred at the illegal proceedings in Applicant's Cause No. A-08-5080-4CR.

10

# APPLICANT'S CLAIMS/ GROUNDS FOR RELEIF

## Claim # 1.

The State and iit's officers committed fraud, the crime of tampering with a government record and violated Applicant's Due Process Rights when first they had Applicant arrested on fraudulent charges, brought the charges before the Grand Jury against Applicant and then when illegally joining Applicant to Defendants and Offenses in a 2 count indictment with Count (1) TPC 19.02 Murder and (Count 2) TPC Sec. 22.02 Assault/TPC71.02 Engaging in Organized Criminal Activity. Then when they participated in a Scheme to convict Applicant of a Crime that they knew he did not commit., again when they participated in a scheme with jailers to divest Applicant of his Discovery Evidence Record, privileged defense and attorney notes, and again at pre trial when they schemed to maintain a joint trial with co defendants, then again at a trial where they had no jurisdiction to bring the Applicant before a Jury or Bench trial and then enter an illegal void judgment against him. .

## Claim # 2.

**The Trial Court committed Fraud and Fraud upon the Court by the Court, when The Court and it's Officers .**

1.Entered into a scheme of deliberate misuse of the judicial process designed to defeat Applicant's Claim of Innocence by: Disobedience to the Orders of the Judiciary, relentless repeated fraudulent acts of the filing of fraudulent proceedings, documents, Orders, Motions, and Notices Through Lies., Omissions . Commissions and Concealment. (tampering with government records.) ( and )
2.Tampering with the Administration of Justice through acts designed to degrade the Judicial system and lying to the Court and to The Tier Of Fact. 3. Certifying a Fraudulent Record into the 13th Court of Appeals, Criminal Court of Appeals Austin Texas, and the U.S District Court Southern District, Houston Texas

## Claim # 3.

**The Trial Court violated Applicant's Due Process Rights to a Fair and Impartial Trial,**

**Opportunity to Be Heard and Notice when the Trial Court:**

11

1. Disobeyed a Court Order and Failed to hold Applicant's Scheduled Court Ordered Jury Trial Date on 11-3-08.
2. Failed to Prosecute
3. Proceeded to a Joint Jury Trial after losing Jurisdiction to Proceed.
4. Violating Pre trial and Severance Statutory Procedures Title 1 Chapter 28 Article 28.01 Section 1(5) Section 2 , CODE OF CRIMINAL PROCEDURE TITLE 1. CODE OF CRIMINAL PROCEDURE CHAPTER 36. THE TRIAL BEFORE THE JURY,Art. 36.09. and Art. 36.10 SEVERANCE ON SEPARATE INDICTMENTS. Texas rules of Civil Procedure Rule 41 MISJOINDER/SEVERANCE
5. TRCP 41 , Criminal Justice Standards Part 11 Standard 13.2.1 and Sec. 310
6. Violating Rules of Evidence 614(3)
   Violating Govt. Code Title 2 Subtitle D. Chap.51 Sec.51.901 Subsection J.
   Violating Govt. Code Sec. 51.303 (a)(b) (1) and Subsection D.(c)
7. Violating TCCP Title 1. Chap. 2 Article 2.01
8. TCCP Title I Chapter I Article I.05
9. Violating TRAP Rule 34.5 (a), (a)2
   Violating Tx. R. Civ.301 TCCP Title 1. Chapter 28 Section1(5) and Section 2.
10. **Tampered with the pre trial Court and trial court record Texas Penal Code 37.10**

## Claim 4.

### Ineffective Assistance of Counsel

Applicant received Ineffective Assistance of Counsel under the 6th Amendment and Counsel in fact stood as an Adversary while as an Officer of the Court he Committed Fraud on the Court. and Violated Applicant's right to appear, opportunity to be heard and notice.

John Gilmore Applicant's Defense Attorney committed fraud on the court and violated Applicant's Due Process when he lied to his client, to a potential jury pool, failed to represent and defend applicant, participated in a scheme with other officer's of the court to rejoin applicant's trial to that of the co defendant, failed to notify applicant about pre trial hearings, appeared at hearings without applicant's knowledge , misrepresented applicant at pre trial hearings and at trial, concealed Orders of the court from applicant failed to secure a hearing and decision on applicant's Motion for Severance and abandoned applicant's defense and cooperated with State's attorney to convict and if he in fact filed a Motion for Continuance after

12

10/23/08 or before the Applicant's scheduled trial date of 11/03/08 or any time after that, he did violate TCCP Article 1.052 (a) and (d) by sigining a Motion for a continuance that was based on a lie, that he and the officer's of the court perpetrated. . He was ineffective for abandoning the "Running Exceptions" in to a formal Motion in the trial court. And for tampering with government documents a felony under Texas Statute 37.10 as it was used to defraud the court.

## MEMORANDUM IN SUPPORT OF APPLICANT'S HABEAS CORPUS

## FACTS IN THE TRIAL COURT RECORD THAT SUPPORT APPLICANT'S CLAIM'S

### FACT 1.
### INDICTMENT
### Ex# 2

On 6/24/08 an Indictment was filed and Applicant was joined to 4 co-defendants and Offenses, Count

(1) Murder under Texas Penal Code Section 19.02 First Degree Felony

Count (2) Aggravated Assault under Texas Penal Code 22.02 and Organized Criminal Activity under Texas Penal Code 71.02 First Degree Felony.

Applicant and one other co defendant were tried in a joint trial beginning on 2/9/09. The other 3 co defendant's got plea deals and testified against Applicant.

### APPLICANT'S CLAIM UNDER 1 and 3

The State and it's officers committed fraud on the court and violated Applicant's Due Process Rights to a fair and impartial trial with opportunity to be heard and notice, when they illegally joined Applicant to Defendants and Offenses. In order that Applicant could be charged as a party to the crime that he was indicted for he must have been charged and convicted in another similar crime with the same co defendant (s). The prosecution knew that he had not been charged or convicted of any other crime that was similar to the crime charged in the indictment or commuted with the defendant (s). State has ccess

13

to all criminal files of applicant and all defendants.

The State brought count 2 against Applicant to convince and confuse both the Grand Jury and the Trial Court Jury that Applicant was a party to both counts charged in the Indictment and that he was a gang member when in fact they had no evidence of gang related offenses or membership to support the charge. Without evidence the charge could not be brought. However there was ample evidence that all other co defendants were members of a gang. The trial court record points to no evidence that Applicant was a "gang member" with the exception of a so called gang expert that worked for the D.A Office.

The Rules for Joinder of Defendant's and Offenses are Statutory and it is a violation of due process when a court does not follow statutory procedures he loses jurisdiction and is barred from proceeding SEE;

## TRCP RULE 41. MISJOINDER OR NON-JOINDER OF PARTIES

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately.

See also: **Criminal Justice Standards Part ll Standard 13-2.1 and Sec. 310** Joinder of Offense. Joinder is impermissible where the only nexus between (1) Defendants joined for trial is their participation in similar offense on different dates with a common third defendant the same transaction or series of transactions test of rule **8(b)** is not satisfied.

Applicant timely filed his Motion for Severance of Defendant's and Offenses on 7/31/08. **See Ex #1**

The trial Court did not hold a hearing and did not provide written factual findings of facts for denying or granting his Motion for Severance of Defendant's and Offenses. Applicant was denied Access to the

14

Court and had no opportunity to be heard or notice.

Because the trial court violated U S Constitutional Due Process Rights, Statutory Procedures and

Tampered with Trial Court/Governmental Records) The trial court lost jurisdiction to proceed to trial.

**Johnson v. Zerbst 304 U.S 458 Sup.Ct.1938/: Fay v. Noia 372 U.S. 391 63 S. Ct . 822 9 Led 2d ,**

**Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118(1ˢᵗ Circuit 1989). Alexander, 266 S.W. 2D @**

**1001:King Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex. 2003)**

## FACT 2.

## INDICTMENT EX # 2

The indictment charges Murder under Texas Penal Code 19.02 Felony Murder

The Indictment does not charge Murder under Texas Penal Code 19.02 and Texas Penal Code

7.01, 7.02, or 7.03. (which describes "the law of parties").

The Jury found Applicant guilty under Count (1) of the indictment Murder under Texas Penal Code

19.02 which states:
§ 19.02 MURDER. (a) In this section: 1)"Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.
(2)"Sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.
(b)A person commits an offense if he:
(1) intentionally or knowingly causes the death of an individual;
   (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life
      **that** causes the death of an individual; or   (3) commits or attempts to commit a felony, other
      than manslaughter, and in the course of and in furtherance of the commission or attempt, or in

immediate flight from the commission or attempt, he commits or attempts to commit an act

clearly dangerous to human life that causes the death of an individual.
   **(c)** Except as provided by Subsection (d), an offense under this section is a felony of the first
      degree.

d)At the punishment stage of a trial, the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause. If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree.

15

**The State and the trial committed fraud and fraud upon the court when after the Jury found**

Applicant Guilty of Count (1) under **Penal Code 19.02** MURDER the trial court did not order an

acquittal for the State's failure to prove the elements of Murder under **Penal Code 19.02**

Officer's of the Court continually introduced fraudulent evidence on the "law of parties" although

The indictment does not allege that Applicant committed the murder under Texas Penal Code 7.01,

7.02, or 7.03 in connection with the charge of murder under Texas Penal Code 19.02 . **See Ex# 2**

Indictment In Cause No. A-08-5080-4CR.

The Trial Court and it's officers prepared a fraudulent Charge of the Court Document

and read aloud "The Charge of the Court" then sent the physical paperwork into the Jury Room with

the Jurors where they used this charge to help ascertain the facts to convict Applicant of Murder. The

Charge of the Court looks little like what Texas Penal Code 19.02 requires to reach a Guilty verdict.

**See Ex # 3** Charge of the Court in Cause No. A-08-5080-4CR.

The trial court and it's officers used this fraudulent " Charge of the Court" as part of a scheme to

confuse the jurors and to convict Applicant.

The charge of the court presented in open court and in document provides : you are instructed that the

law applicable to this case is as follows:

## COUNT ONE
**1.**
Our law provides that a person commits murder if he intentionally or knowingly causes the death of an individual. ( it is true that this statement comports with **19.02 2 (b) 1.**

**2.**
A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware

that his conduct is reasonably certain to cause the result. (Nowhere under statute **19.02** is this

statement found)

16

A person acts knowingly, or with knowledge with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. (Nowhere under statue **19.02** is this statement found. A "deadly weapon means a firearm. (Nowhere under statute **19.02** is this statement found. Individual means a human being. ( Nowhere under Statute **19.02** is this statement found.

**(There is absolutely nothing in number 3. that comports with Penal Code 19.02 Murder)**

Our laws provide that a person is criminally responsible as a party to an offense if the offense committed by his own conduct , by the conduct of another for which he is criminally responsible or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense,he solicits encourages, directs aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to a crime.

## FACT 3.

## CAPIAS AND WAIVER OF ARRAINGMENT

**On 6/25/08 a Capias was issued under Applicant Chadrick B. Pate's Cause No. A-08-5080-4 CR See Ex# 3 Applicant's Criminal Docket Sheet.**

## APPLICANT'S CLAIM UNDER #3

The trial court violated Applicant's Due Process when they issued a capias and confined him under a fraudulent indictment.

The Grand Jury would have had to find probable cause to join Applicant in the indictment and because the requirements to join the offenses and defendants are statutory they would have had to determine that Applicant based on Officer Kirk and Brooks testimony that Applicant met the criteria under Criminal Justice Standards Part ll Standard 13-2.1 and Sec. 310 8(b) and they could not. Applicant

17

does not have access to the courts files arrest records of all the co defendant's and his own and therefore cannot include in the exhibits, but the trial court has copies.

When the court violates due process it loses jurisdiction and cannot proceed. **Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d.**

## FACT 4.

## WAIVER OF ARRAIGNMENT

On 6/27/08 Waiver of arraignment was entered onto Applicant's Criminal Docket Sheet See **Ex# 4** Applicant's Criminal Docket Sheet. **NO CLAIM**

## Fact 5.

## PRE TRIAL DATE AND ANNOUNCMENT DATE
## COURT REPORTER'S RECORD (NONE)

On 7/10/08 entered onto Applicant's Criminal Docket Sheet is **Ex# 4**

Case Set Pre trial 7/24/08
Ann. 7/31/08
JT 8/4/08

## APPLICANT'S Claim UNDER 3 and 4

## Ineffective Assistance of Counsel and Violation of Due Process and Statutory Procedures and Rules

Applicant did not appear at these proceedings and his Defense Attorney did not notify him or give him notice. Ex parte hearings were held violating due process of law. Applicant's due process was violated when he was not allowed to appear, and be heard and notice.

There is no recorded record of this proceeding. A court loses jurisdiction when it violates due process and loses jurisdiction. **TCCP Title 1 Chapter 1 General Provisions Article 1.05 Rights of Accused.** He shall have the right of being heard by himself or counsel or both. **Fay v. Noia 372 U.S.**

18

391 63 S. Ct. 822 9 Led 2d.

## Fact 3
## 7/24/08

DISCOVERY RULED ON In Ex parte Hearing
COURT REPORTS RECORD (NONE)

On 7/24/08 Entered onto Applicant's Criminal Docket Sheet is Discovery Ruled On

## APPLICANT'S CLAIM UNDER 2,3, AND 4
### Fraud, Ineffective Counsel, and Violation of Due Process

Applicant did not appear at any Hearing on Discovery. The Court violated Applicant's due process

right to impartial fair trial, opportunity to be heard and notice and violation of statutory

rule . There is no recorded record of this proceeding. However there are Discovery Orders that Judge
Ianna Whately signed.

Applicant's due process was violated, and this proceeding was concealed from him. **TCCP Title 1**

**Chapter 1 General Provisions Article 1.05 Rights of Accused.** He shall have the right of being

heard by himself or counsel or both.**See TCCP Title 1. Chapter 28 Section (1)5 and Section 2 also**

**see Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d , Aoude v. Mobil Oil Corp. 892 F. 2d 1115,**

**1118(1ˢᵗ Circuit 1989). Alexander, 266 S.W. 2D @ 1001:King Ranch, Inc. v. Chapman, 118 S.W.3d**

**742,752 (Tex. 2003).**

## Fact 4
## 7/31/08

Motion for Continuance Granted / Reset Dates Ex parte Hearing
COURT REPORTER'S RECORD (NONE)

On 7/31/08 enttered onto Applicant's Criminal Docket sheet is **Ex#4**
Cont. Granted
Ann. 9/25/08
J.T. 9/29/08.

19

## APPLICANT'S CLAIM UNDER 2,3, AND 4
### Fraud Violation of Due Process and Statutory Procedures and Ineffective Counsel

There is no recorded record of this proceeding. Applicant did not appear at any proceeding on 7/31/08

he did not know that a motion for continuance had been granted or that an Announcement date of

9/25/08 had been set or that a Jury Trial date of 9/29/08 had been set. The trial court violated

Applicant's due process rights to an impartial fair trial, opportunity to be heard and notice. And

violation of statutory procedure. **TCCP Title 1 Chapter 1 General Provisions Article 1.05 Rights of**

**Accused.** He shall have the right of being heard by himself or counsel or both.

**TCCP Title 1 Chapter 28 Section (1)5 and Sec. 2. See: Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9**

**Led 2d , Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118(1ˢᵗ Circuit 1989). Alexander, 266 S.W. 2D**

**@ 1001:King Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex. 2003).**


### Fact 5.
### 7/31/08

Applicant's Motion for Severance of Defendant's and Offenses
It is not Recorded on Applicant's Criminal Docket Sheet **EX # 4**
### Violation of Clerk's Duties Rule 25 and 26 and Tampering with Trial Court/Governement Document

Applicant filed a timely Motion for Severance of Defendants and Offenses on 7/31/08

See **Ex# 1** Motion for Severance.


### APPLICANT'S CLAIM UNDER 2,3 AND 4
### Ineffective Assistance Violations of Due Process Fraud on the Court

District Clerk repeatedly failed to record Motions onto applicant's criminal docket sheet, Counsel did

not object and Court did not correct. When a court violates due process it loses jurisdiction and cannot

proceed , **Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d , Aoude v. Mobil Oil Corp. 892 F. 2d**

**1115, 1118(1ˢᵗ Circuit 1989). Alexander, 266 S.W. 2D @ 1001:King Ranch, Inc. v. Chapman, 118**

20

S.W.3d 742,752 (Tex. 2003).

**Fact 6.**
**9/25/08**

Court Reporter's Record Volume 2 of 9 Announcement  Chadrick B.Pate  A-08-5080-4CR **See Ex# 5**

**Exparte Hearing**
**States Motion for Continuance**

**Applicant's Request for a Decision on his Motion for Severance of Defendants and Offenses. Judge Wellborn s Reason for Continuing the matter of the Motion for Severance to the next Pre Trial Hearing. District Clerk Duties and Reset Dates**

On 9/25/08 entered onto Applicant's Criminal Docket sheet is **Ex # 4**
States Motion to Continue Granted
Reset 11/3/08 Jury Trial
      10/03/08 Announcement
      10/23/08  Pre Trial.

**APPLICANT'S CLAIM UNDER 2,3 AND 4**

**Ineffecttive Counsel. Violation of Due Process and Statutory Procedures Fraud on the Court by the Court, Tampering with Trial Court/Government Document**

Iudge Michael Wellborn presided over this proceeding and those that appeared were Attorney Iohn Gilmore and State's Attorney M. Rodriguez.

Applicant did not know about this hearing and did not appear. **TCCP Title 1 Chapter 1 General Provisions Antticle 1.05 Rights of Accused.** He shall have the  right of being heard by himself or counsel or both. **See:  Mentor v. Caswell (1997) 123 Ohio App. 3d. 256**  Defendant was absent for unexplained reasons at time of suppression hearing, which proceeded with participation of counsel and co -defendant.. The defendant had a right to be present and denial of Continuance was abuse of discretion. In Applicant's case he had a right to the Severance and denial of same was an abuse of discretion.

He had a right  to challenge the judges reasons for not ruling on his Motion for Severance then.

He had a right  to challenge the State's Motion for Continuance. **TCCP Title 1 Chapter 1 General Provisions Antticle 1.05 Rights of Accused.** He shall have the  right of being heard by himself or

21

S.W.3d 742,752 (Tex. 2003).

**Fact 6.**
**9/25/08**
Court Reporter's Record Volume 2 of 9 Announcement  Chadrick B.Pate  A-08-5080-4CR **See Ex# 5**
**Exparte Hearing**
**States Motion for Continuance**
**Applicant's  Request for a Decision on his Motion for Severance of Defendants and Offenses.**
**Judge Wellborn s Reason for Continuing the matter of the Motion for Severance to the next Pre**
**Trial Hearing. District Clerk Duties and Reset Dates**

On 9/25/08 entered onto Applicant's Criminal Docket sheet is **Ex # 4**
States Motion to Continue Granted
Reset 11/3/08 Jury Trial
      10/03/08 Announcement
      10/23/08  Pre Trial.

**APPLICANT'S CLAIM UNDER 2,3 AND 4**

**Ineffecitive Counsel. Violation of Due Process and Statutory Procedures Fraud on the
Court by the Court, Tampering with Trial Court/Government Document**

Judge Michael Wellborn presided over this proceeding and those that appeared were Attorney John Gilmore and State's Attorney M. Rodriguez.

Applicant did not know about this hearing and did not appear. **TCCP Title 1 Chapter 1 General Provisions Airticle 1.05 Rights of Accused.** He shall have the  right of being heard by himself or counsel or both. **See:  Mentor v. Caswell (1997) 123 Ohio App. 3d. 256**  Defendant was absent for unexplained reasons at time of suppression hearing, which proceeded with participation of counsel and co -defendant.. The defendant had a right to be present and denial of Continuance was abuse of discretion. In Applicant's case he had a right to the Severance and denial of same was an abuse of discretion.

He had a right  to challenge the judges reasons for not ruling on his Motion for Severance then.

He had a right  to challenge the State's Motion for Continuance. **TCCP Title 1 Chapter 1 General Provisions Airticle 1.05 Rights of Accused.** He shall have the  right of being heard by himself or

21

counsel or both. At this hearing The State filed a Motion for Continuance and Judge Wellborn Granted the Motion Attorney John Gilmore Applicant's Defense Attorney requested a Decision on Applicant's Motion for Severance of Defendant's and Offenses that had been filed timely on 7/31/08. See **Ex #5 Court Reporters Record vol 2 of 9 pages 3 line 9-25 and page 4 lines 1-4.**

Judge Wellborn continued the Matter of the Severance stating that the reason was that he was waiting to find out if he was going to need to appoint the Co defendant Christopher Hall a new attorney. **See Ex#5 page 3 lines 13-18.** Judge Wellborn gave no valid reason to continue the matter of the Severance.

Although Judge Wellborn had continued the Matter of the Severance the District Clerk did not enter the Order to Continue the matter of the Severance onto the applicant's criminal docket sheet or the trial court record (tampering with a trial court document) but Judge Wellborn DID sign and date and Order Granting a Severance that same day. **Ex# 6  Order Granting Severance.**

Judge Wellborn made no effort that day or any day to reverse the Order Granting the Severance .(Tampering with a trial court record. government document.  When a judge does not follow statutory procedures he violates the defendant's right to due process and loses jurisdiction to proceed. **Fay v. Noia 372 U S 391 63 S. Ct. 822. 9 Led 2d.**

The District Clerk did not first enter the  Oral Order of Judge Wellborn to continue the Matter of the Severance onto Applicant's Criminal Docket Sheet, or the trial court record  nor did the Clerk enter the Order Granting the Severance, and did not urge another Order reversing the action of the Judge nor did the clerk make any notation on the record of this order, instead the District Clerk  kept the Order in Applicant's file, and later filed the Order into  the Applicant's Judgment Record  (tampered with the trial court .government record and certified it as an Overruled Motion on the Severance and then certified it into The 13th Court of Appeals Corpus Christi, Texas then later  told Applicant's Habeas Investigator Stacey Deville **See Ex # 7  Deville's Affidavit,** that the Granted Order was just a piece

22

of paper in the Applicant's file.

The District Clerk committed fraud upon the court for purposeful failing to complete the duties of the office and committed the crime of tampering with the trial court/government record. . The District Clerk with other officer's of the court by this failure illegally disposed of first Judge Wellborn's Oral Order, that ordered the Motion for Severance to be continued to another date, illegally disposing of the Granted Order on the Motion for Severance by retaining it in the file. Then later by illegally disposing of Judge Joel Johnson's Oral Order severing Co defendant's trial from Applicant's trial date, **See Ex# 8 Court Reporter's Record Volume 4 of 11 page 5 lines 14-25 and page 6 lines 1-3.(Oral Order)** The failure to enter the proper proceedings onto the applicant's criminal docket sheet and or the trial court's record concealed the Orders of the Court from the Court and the Applicant.

. Fraud is defined as trickery or deceit, intentional misrepresentation concealment or nondisclosure, for the purpose of inducing another in reliance upon it to part with some calculable thing belonging to him or a false representation of a matter of fact by words, conduct or by concealment of what should have been disclosed that deceives or is intended to deceive another so that he shall act upon it to his legal injury. **(emphasis added) In re: E.P. 185 S.W.3d 908 (Tex. App. -Austin 2006).**

The Clerk of the Court has custody of and shall carefully maintain and arrange the records relating to or lawfully deposited in the clerk's office the clerk shall record the acts and proceedings of the court and enter all judgments of the court under the direction of the judge. **Govt. Code Sec. 51.303 Duties of the Clerk.** In a Post Conviction Letter dated October the 5th 2012 **See Ex # 9  Letter from Judge Wellborn** ( in Response to Habeas Attorney Carrie Crisps letter **Ex# 10** to him asking for an explanation in Response to Habeas Attorney Carrie Crisps letter **Ex# 10** to him asking for an explanation , He explained that he had signed the Order Granting the Motion by Mistake, and that he had meant to sign the Order on The State's Motion for Continuance.

Even after he was notified of this, he made no effort to issue a Nunc Pro Tunc Order reversing his

23

decision (tampering with a trial court/government record) and by this time the Court of Appeals had already denied Applicant's Appeal.

Applicant did not waive his right to appear at pre trial proceedings .

This was an announcement where Applicant's Motion for Severance was a Defense Motion , and any decision on his motion would decide the course of his entire trial and direct his defense strategy. There was no reason that the motion could not have been decided that day.

The State's attorney had not made any objection to the Motion for Severance either that day or any day prior to 9 25/08. Applicant filed his motion on 7/31/08 and certified a copy to the States attorney.  **See Ex # 1 page 2.**

Neither Judge Wellborn   John Gilmore or the State questioned why defendant was not present at the hearing thus the hearing was held Ex parte because Applicant had a right to be there and to be heard.

. The Manner in which the proceedings were conducted displays a clear deception and fraud.

These Officer's of the Court committed Fraud upon the Court by the Court. "Fraud Upon the Court" has been defined as that fraud committed by an officer of the court in any  attempt to deceive, either by commission, by omission,by speech, by silence, by gesture, by innuendo by look, etc. Whenever this fraud is committed by any attorney or judge, it is a "Fraud upon the Court"  **In Eugene Lee Armentrout et. al., Ill. 2D 242 75 Ill Dec 703 457 N.E.2d 1262 (1983): Regenold v. by Fold, Inc., 68 Ill. 2D 419,435 12 Ill Dec. 151.369 N.E. 2D 858 (1977) ; In re Lamberis, 93 Ill. 2D 222,229, 66 Ill.Dec.623, 443 N.E.2d 549 (1982); Bulloch v. United States k 763 F 2d 1115,1121  (1985); Root Refining Co. v. Universal Oil Products Co., 169 F2d 514 (1948).**

Fraud is defined as trickery or deceit, intentional misrepresentation concealment or nondisclosure, for the purpose of inducing another in reliance upon it to part with some calculable thing belonging to him or a false representation of a matter of fact by words, conduct or by concealment of what should have been disclosed that deceives or is intended to deceive another so that he shall act upon it to his legal

24

injury.(emphasis added) **In re: E.P. 185 S.W.3d 908 (Tex. App. -Austin 2006)**

**Title 1 Chapter 28 Article 28.01 Pre Trial Section 1.** (defendant's presence is Required at any pre trial hearing) **(5)** Motions for continuances either by the State or defendant provided that grounds for continuance not existing or not known at the time may be presented and considered at any tine before the defendant announces ready for trial. **Section 2** When a criminal case is set for such pre trial hearing any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters. The record made at such pre trial hearing the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon it's merits. **Texas CR. Code Ann: 29.02 Article 29.02:** By agreement A criminal action may be continued by consent of the parties thereto, in open court at any time on a showing of good cause, but a continuance may be only for as long as necessary.

**TCCP Title 1 Chapter 1 General Provisions Article 1.05 Rights of Accused.** He shall have the right of being heard by himself or counsel or both. The Trial Court had already lost Jurisdiction over the Applicant and the matter at this 9/25/08 proceeding but continued on with Illegal Proceedings.

**Fact 7.**
**10/23/08**

Court Reporters Record Volume 3 of 9 Chadrick B. Pate A-08-5080-4CR Motion to Dismiss **EX # 11**

Entered onto Applicant's Criminal Docket sheet is **EX #4**

10/23/08 Case called for Pre 'trial Conference

**APPLICANT'S CLAIM UNDER 3, AND 4**
**Ineffective Counsel Violation of Statutory Procedures**

Judge Joel Johnson presided over this proceeding and those appearing were Applicant (the only pre

trial proceeding that he was allowed to appear) Defense Attorney John Gilmore and States Attorney M

Rodgrigez.

This hearing was on Applicant's Motion to Dismiss the Indictment for the Jail and Detectives violation

of his 6th Amendment due Process and Violation of Attorney Client Privilege.

All prisoners were transported to another jail in Crystal City due to a Hurricane Warning, and before

the State transported Applicant he prepared all of his Notes that he had made for his Defense Attorney

on his Defense. He had records on discovery at this point and was able to rebut co defendant's claims.

Before leaving for transport the jail told Applicant that he could not take his paperwork. He told them

that it was unlawful for them to not allow him to take his paperwork. The told him to put the

paperwork in a clear plastic bag and label it with his name and the title of the papers and then to place

it on top of his bunk. He did so. When he returned, his bag of paperwork was missing. He demanded it

back and supposedly the jail personnel said they looked but could not find it. Applicant was told by an

Honest Jailer that he had seen two of the other jailer take it out to a dumpster and place it there and

afterward he saw two of the Investigators retrieve the bag form the Dumpster.

Judge Johnson Denied the Motion to Dismiss without written order, he did not record any factual

findings on the record for his Decision to Deny Applicant's Motion. When a judge does not follow

statutory procedures, he loses jurisdiction to proceed. **Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d.**

John Gilmore dd not ask Judge Johnson for a Decision on Applicant's Motion for Severance of

Defendant and Offenses however Judge Johnson told Gilmore that Applicant's trial date was for

11/03/08 and that he would be the Presiding Judge. **See Ex # 11 page 33 line 8-21**

**Fact 8.**
**10/23/08**
Ex Parte Hearing
APPLICANT'S CASE WAS SEVERED
COURT REPORTER RECORD VOLUME 4 OF 11 CHRISTOPHER HALL A-08-5080-2CR
PRE TRIAL **SEE EX # 8**

Entered on Christopher Hall's Criminal Docket sheet is **Ex # 12**
Reset: 1/5/08 9.00am
  12/22/08 9.00am
  11/25/08 9.00am

## APPLICANT'S CLAIM UNDER 2,3 AND 4
### FRAUD ON THE COURT BY THE COURT, INEFFECTIVE CONUSEL, VIOLATION OF DUE PROCESS AND STATUTORY PROCEDURES

At this pre trial hearing Judge Joel Johnson also presided. Those present were: Christopher Hall, his

defense Attorney Stan Turpin, States Attorney Flanigan and Rodrigues and John Gilmore Applicant's

Defense Attorney..The Applicant did not appear.

Stan Turpin co defendant Christoper Hall's Defense Attorney (he was co defendant's second court

appointed attorney. The first court appointed attorney was Tamara Cochran who was hired at the

County Attorney's office and could no longer represent Hall) asked for a Continuance and Judge

Johnson granted the co defendant's Motion to Continue and Reset his Jury Trial Date to 1/5/09,

Announcement 12/22/09 and Pre trial 11/25/09. **See EX # 8 Volume 4 of 11 page 3 line 22-23 page 5 line 1-25 page 6 line 1-24.**

Right after Judge Johnson granted the continuance, Mr. Gilmore Applicant's attorney said to Judge

Johnson, Judge I have a co defendant in this matter,and then immediately The States Attorney told

Judge Johnson that they would like to carry Applicants case as well. Judge Johnson told John Gilmore

that he was hearing Applicant's case when he came back in November. **See page 5 lines 15-25 and**

**page 6 lines 1-6.** Judge Johnson had already told Gilmore at the pre trial hearing just prior to

this one that he was coming back in November to hear Applicant's case and he had reaffirmed

the trial date of 11/3/08. John Gilmore abandoned Applicant's defense and assisted the State's

Attorney in an attempt to keep the trials of Applicant and Co defendant joined.

John Gilmore and the State's attorney knew from the beginning that Applicant had a right to be at these

27

hearings and that he had not waived his rights to appear, and they continued to appear at proceedings where his defense and pre trial matters were a part of the proceedings, these officer's of the court concealed proceedings from him all together. These officer's of the court committed fraud on the court and fraud in an effort to keep knowledge of these proceedings from the Applicant. "Fraud Upon the Court" has been defined as that fraud committed by an officer of the court in any attempt to deceive, either by commission, by omission, by speech, by silence, by gesture, by innuendo by look, etc. Whenever this fraud is committed by any attorney or judge, it is a "Fraud upon the Court"

**In Eugene Lee Armentrout et. al., Ill. 2D 242 75 Ill Dec 703 457 N.E.2d 1262 (1983): Regenold v. Baby Fold, Inc., 68 Ill. 2D 419,435 12 Ill Dec. 151.369 N.E. 2D 858 (1977) ; In re Lamberis, 93 Ill. 2D 222,229, 66 Ill.Dec.623, 443 N.E.2d 549 (1982); Bulloch v. United States k 763 F 2d 1115,1121 (1985); Root Refining Co. v. Universal Oil Products Co., 169 F2d 514 (1948).**

Clearly Judge Johnson had severed the cases and the trials of Applicant and the co defendant when he made it clear to the State's Attorney that Hall's new Trial Date would be 1/5/09 and that he was coming back in November to preside over Applicant's Trial that had been set for 11/3/08.

The District Clerk did not enter Judge Johnson Oral Order that severed the cases onto Applicant's Criminal Docket Sheet or onto the trial court record. Only the Court Reporter's Record **Ex # 8** reflects the Severance. See **Article 36.10 TCCP**

The District Clerk did not issue a new Cause No. on either Applicant's case or co defendant case. (Tampering with a trial court. government document.)

There was no need for a hearing to decide which defendant would go to trial first, as Judge Johnson had just set the co defendant's trial date to 1/5/09 far ahead of Applicant's 11/03/08 trial date.

The District Clerk committed fraud upon the court for purposeful failing to complete the duties of the office. The District Clerk with other officers of the court by this failure illegally disposed of Judge Joel Johnson's order severing Co defendant's trial from Applicant's trial date. The failure to enter the proper

28

proceedings onto the applicant's criminal docket sheet and or the trial court's record concealed the

Order of the Court from the Court and the Applicant. Fraud is defined as trickery or deceit, intentional

misrepresentation concealment or nondisclosure, for the purpose of inducing another in reliance upon it

to part with some calculable thing belonging to him or a false representation of a matter of fact by

words, conduct or by concealment of what should have been disclosed that deceives or is intended to

deceive another so that he shall act upon it to his legal injury.**(emphasis added) In re: E.P. 185**

**S.W.3d 908 (Tex. App. -Austin 2006).**

The Clerk of the Court has custody of and shall carefully maintain and arrange the records relating to or

lawfully deposited in the clerk's office the clerk shall record the acts and proceedings of the court and

enter all judgments of the court under the direction of the judge. **Govt. Code Sec. 51.303 Duties of**

**the Clerk.**

Although Judge Joel Johnson did not hold a statutorily required hearing and enter factual findings on

the record, and a Written Order Granting or Denying Applicant's Motion for Severance, he did sever

the trial of Applicant and the co defendant by his Oral Orders.. When a judge does not follow statutory

requirements he loses jurisdiction and cannot proceed. **Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d, Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118(1ˢᵗ Circuit 1989). Alexander, 266 S.W. 2D @ 001:King v. Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex.2003)**

**Fact 9.**
**10/30/08**

**FRAUDULENT EXPARTE PROCEEDINGS ENTERED ONTO APPLICANT'S CRIMINAL DOCKET SHEET SEE EX # 4**
(COURT REPORTER'S RECORD ON 10/30/08 PROCEEDINGS (NONE)


Entered onto Applicant's Criminal Docket Sheet is **Ex # 4**
Defendants Motion for Continuance
Reset 1/5/09 Jury Trial
      12/22/08 Announcement
      2/9/09 Jury Trial

29

## APPLICANT'S CLAIM UNDER 2, 3 AND 4
## Fraud on the Court Violation of Due Process and Statutory Procedures Ineffective Counsel

Applicant did not appear or know about any proceedings for 10/30/08 If these proceedings did occur then they were in fact EXPARTE proceedings and unrecorded by a Court Reporter. Applicant's attorney did not advise him of any proceedings and did not tell him about any continuance. If defense attoney John Gilmore did in fact file a motion for continuance (and there is no record of one being filed) the he violated TCCP Article 1.052 (a)(d) which is contempt of court.

There were no scheduled proceedings for 10/30/08. **TCCP Title 1 Chapter 1 General Provisions Article 1.05 Rights of Accused.** He shall have the right of being heard by himself or counsel or both.

Applicant was not notified of any proceedings for 10/30/08 either by his Attorney or the Court.

Applicant was not before the court for adjudication the court had already lost jurisdiction. **Mapco Inc. Forrest, 795 S. W. 2d 700, 703 (Tx. 1990).** These fraudulent proceedings are not recorded by a Court Reporter and are not in the Court's Records. The trial court was without jurisdiction to proceed that parties may have agreed to it are immaterial. The verbal, written or illegally disposed of order, that appeared to allow the court to proceed was in violation of the 1st amendment to the Constitution. **Near Minnesota ex rel. Olson, 283 U. S. 697, 51 S. Ct. 625, 75 L.Ed, 1357 (1931), Shelly v. Karmer, 334 U.S. 1. 68 S. Ct. 836 92 L. Ed 1161 (1948).**

Once a court orders per trial orders the court cannot disregard it's own orders. **Dennis v. Haden, 867 S. W. 2d 48,51 Tex. App.(1933).** A court's jurisdiction at the beginning of trial may be lost in the court of the proceedings due to complete the court as the 14th amendment requires. If the U.S. Constitution amendments are not complied with the court loses jurisdiction to proceed. **Johnson v. Zerbst 304 U.S. 458 Sup. Ct. 1938.**

The District Clerk entered fraudulent proceedings onto the Applicant's Criminal Docket Sheet and perhaps onto other Court Records that have been concealed from him. The District Clerk committed fraud on the court and the Applicant. The District Clerk committed fraud upon the court for purposeful failure to complete the duties of the office. The District Clerk with other officers of the court by this failure illegally disposed of Judge Joel Johnson's order severing Co defendant's trial from

30

Applicant's trial date. The failure to enter the proper proceedings onto the applicant's criminal docket sheet and or the trial court's record concealed the Order of the Court from the Court and the Applicant. Fraud is defined as trickery or deceit, intentional misrepresentation concealment or nondisclosure, for the purpose of inducing another in reliance upon it to part with some calculable thing belonging to him or a false representation of a matter of fact by words, conduct or by concealment of what should have been disclosed that deceives or is intended to deceive another so that he shall act upon it to his legal injury.**(emphasis added) In re: E.P. 185 S.W.3d 908 (Tex. App. -Austin 2006)**

The Clerk of the Court has custody of and shall carefully maintain and arrange the records relating to or lawfully deposited in the clerk's office the clerk shall record the acts and proceedings of the court and enter all judgments of the court under the direction of the judge. **Govt. Code Sec. 51.303 Duties of the Clerk.**

## Fact 10.

## 11/03/08

Scheduled Trial Date for Applicant Chadrick B. Pate in Cause A-08-5080-4CR

Court Reporters Record 11/03/08 Trial Proceedings (None)

Courts Violation of it's Court Ordered
Trial Date Of 11/3/08 In Cause No. A-08-5080-4CR Chadrick B Pate **Reporters Record Volume 2 of 9 Ex # 5**

***APPLICANT'S CLAIM UNDER 2,3, AND 4***
**Fraud on the Court by the Court, Ineffective Counsel**
**Violation of Due Process and Statutory Procedure and Rules.**

The court did not provide a court ordered jury trial for the applicant on 11/03/08 and stated no reason for failing to do so and gave applicant NO notice. Applicant's Attorney provided no reason or notice, and there is no Recorded Record of any Proceeding that effected a change in Applicant Court Ordered Trial Date. There are no Written or Oral Orders that would indicate a change in Applicant's 11/03/08 scheduled and Court Ordered Trial Date.

A court's jurisdiction at the beginning of trial may be lost in the court of the proceedings due to

31

complete the court as the 14th amendment requires. If the U.S. Constitution amendments are not complied with the court loses jurisdiction to proceed. **Johnson Zerbst 304 U.S. 458 Sup. Ct. 1938.**

There are no legitimate court proceedings that overrules or voids Applicant's Court Date.

The court had no jurisdiction to proceed to a joint trial or a separate trial of Applicant or to hold any other proceedings other than Acquittal. The trial court was without jurisdiction to proceed that parties may have agreed to it are immaterial. The verbal, written or illegally disposed of order, that appeared to allow the court to proceed was in violation of the 1st amendment to the Constitution. **Near v. Minnesota ex. rel. Olson, 283 U. S. 697, 51 S. Ct. 625, 75 L.Ed, 1357 (1931), Shelly v. Karmer, 334 U.S. 1. 68 S. Ct. 836 92 L. Ed 1161 (1948).** Once a court orders per trial orders the court cannot disregard it's own orders. **Dennis v. Haden, 867 S. W. 2d 48,51 Tex. App.(1933).**

See: **Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d , Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118(1st Circuit 1989), Alexander, 266 S.W. 2D @ 1001:King Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex. 2003).**

*Fact 11.*
11/25/08


CO DEFENDANT CHRISTOPHER HALL PRE TRIAL HEARING A-08-5080-2CR COURT REPORTER RECORD VOLUME 5 OF 11 **EX # 13**

FRAUDULENT **EX PARTE** DISCUSSIONS OF APPLICANT'S MOTION FOR SEVERANCE AND TRIAL DATES.


**APPLICANT'S CLAIM UNDER 2,3, AND 4**
**Ineffective Counsel, Fraud on the Court by the Court, Violation of Due Process a Statutory Procedures and Rules**


Judge Michael Wellborn presided over this pre trial hearing with co defendant Hall appearing with his Defense Attorney Stan Turpin and State's Attorney M. Rodrigues.

Applicant Chadrick Pate did not appear nor did his Defense Attorney John Gilmore. Applicant was not

32

before the court for adjudication the court had already lost jurisdiction, and these proceedings were ex parte proceedings. **Mapco Inc. v. Forrest, 795 S. W. 2d 700, 703 (Tx. 1990) .**

At this proceeding Judge Wellborn, Stan Turpin and M. Rodrigues discussed Applicant's pre trial motions and trial date when he was not present or represented. The Court had already lost jurisdiction over Applicant and the Subject Matter, and committed fraud on the court by the court in having these discussions that would make it appear that Applicant was still in the jurisdiction of the court. A court's jurisdiction at the beginning of trial may be lost in the court of the proceedings due to complete the court as the 14th amendment requires. If the U.S. Constitution amendments are not complied with the court loses jurisdiction to proceed. **Johnson v. Zerbst 304 U.S. 458 Sup. Ct. 1938.**

There are no legitimate court proceedings that overrules or voids Applicant's Court Date. The court had no jurisdiction to proceed to a joint trial or a separate trial of Applicant or to hold any other proceedings other than Acquittal. The trial court was without jurisdiction to proceed that parties may have agreed to it are immaterial. The verbal, written or illegally disposed of order, that appeared to allow the court to proceed was in violation of the 1st amendment to the Constitution. **Near v. Minnesota ex rel. Olson, 283 U. S. 697, 51 S. Ct. 625, 75 L.Ed, 1357 (1931), Shelly v. Karmer, 334 U.S. 1. 68 S. Ct. 836 92 L. Ed 1161 (1948).** Once a court orders per trial orders the court cannot disregard it's own orders. **Dennis v. Haden, 867 S. W. 2d 48,51 Tex. App.(1933).**

**SEE Reporters Record Vol 5 of 11 page 4 lines 1-13.**

Judge Wellborn ask when Pates trial date is scheduled Stan Turpen answers Right now on January the 5th. Judge Wellborn responds Okay well both cases on the same trial docket at this time? M. Rodriguez responds Yes, your Honor. Judge Wellborn responds Okay well its kind of hard to try them on the same time if it's not on the same docket.

Mr. Turpen responds I understand Judge. Judge Wellborn responds Minor technicality.

Then a Deputy Clerk responds And also Mr. Gilmore is not supposed to be here on the 5th. He will be

33

on vacation til the 9th **See page 6 lines 2-7.** Stan Turpin : Judge, what I would like to do on that is leave it in the file just in case we need it because I did talk to Mr. Gilmore. Gilmore says he didn't see any reason to sever unless his client told him otherwise , but I haven't talked back with him to know that, and I don't think he has a motion on file.

At the time of this discussion applicant's trial date had already been severed from that of the co defendant Christopher Hall and the Trail Court refused to proceed to trial. Applicant was not before the court for adjudication the court had already lost jurisdiction. **Mapco Inc. v. Forrest, 795 S. W. 2d 700, 703 (Tx. 1990).**

The trial court and it's officers had already begun entering and concealing fraudulent proceedings, motions. Orders, and trial dates onto Applicant's Criminal Docket Sheet.

This discussion among officers of the court without appearance of Applicant and his Attorney is fraud and a violation of Applicant's due process right to be present, opportunity to be heard and notice. This is a manipulation of the judiciary and concealment of proceedings from Applicant.

**JOHNSON V. ZERBST 304 U.S. 458 Sup. Ct. 1938 and Fay v. Noia 372 U.S. 391 63 S.**

**Ct. 822 9 Ledl 2d , Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118(1st Circuit 1989). Alexander, 266**

**S.W. 2D @ 1001:King Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex. 2003).**

**Fact 12.**
**12/22/08**

**FRAUDLENT EXPARTE PROCEEDINGS ENTERED ON BOTH APPLICANT CHADRICK B.**
PATE AND CO DEFENDANT CHRISTOPHER HALL'S CRIMINAL DOCKET SHEETS

**SEE EX # 4**
**AND EX# 12**
COURT REPORTER'S RECORD FOR 12/22/08 PROCEEDINGS **(NONE)**

On Applicant's Criminal Docket Sheet the following fraudulent proceedings are entered. **Ex # 4**
Continuance Granted
Reset 2/9/09 Jury Trial
    2/5/09 Announcement

On Co Defendant Christoper Hall's Criminal Docket Sheet the following fraudulent proceedings are entered. Ex # 12
12/22/08 Continuance Granted.
         Reset to Feb. Trial Docket


### APPLICANT'S CLAIM UNDER 2,3, AND 4
### Fraud on the Court by the Court, Ineffective Counsel, Violation of Due Process and Statutory Procedures and Rules.


Applicant did not know about any 12/22/08 proceedings and did not appear at any such proceedings.

Applicant was not told by his attorney or the Court about any proceedings for 12/22/08. Applicant was

not before the court for adjudication the court had already lost jurisdiction AND THESE HEARINGS
WERE EX PARTE. Mapco Inc. v. Forrest, 795 S. W. 2d 700, 703 (Tx. 1990).

Applicant does not know if co defendant asked for a continuance or if he appeared at any 12/22/08

proceedings, however the Trial Court Record clearly reflects that there was no such proceedings

recorded on the record of the court.

These illegal entry's onto Applicant's Criminal Docket Sheet were all a part of the scheme by officer's

of the court to make it appear that the court still had jurisdiction over the Applicant and the subject


matter when in fact jurisdiction had been lost. Fraud occurs when a party sets into motion a scheme

calculated to interfere with the judicial system's ability impartially to adjudicate a matter by

improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's

claim or defense **Aoude v. Mobil Oil Corp. 892 F 2d 1115,1118 (1st Cir. 1989).**

Applicant was not before the court for adjudation the court had already lost jurisdiction. **Mapco Inc. v.**

**Forrest, 795 S. W. 2d 700, 703 (Tx. 1990).**

The Court had already lost jurisdiction for the violation of the Applicant's 14th amendment rights.
**Johnson v. Zerbst 304 U.S. 458 Sup. Ct. 1938.**

**Fact 13.**
**2/5/09**

FRAUDLENT EXPARTE PROCEEDINGS ENTERED ONTO APPLICANT'S CRIMINAL DOCKET SHEET **SEE EX # 4**

COURT REPORTER'S RECORD FOR 2/5/08 UNDER APPLICANT'S NAME OR CAUSE NUMBER (NONE)

The following fraudulent proceedings were entered onto Applicant's Criminal Docket Sheet.

2/5/09 **All Rea dy** ( **TAMPERING WITH A TRIAL COURT/GOVERNMENT RECORD)**

## APPLICANT'S CLAIM UNDER 2,3 AND 4
**Fraud on the Court by the Court, Ineffective Counsel, Violation of Due Process and Statutory Procedures and Rules**

Officer's of the court continued their scheme to defraud the court and the applicant and to influence the tier of fact. Fraud occurs when a party sets into motion a scheme calculated to interfere with the judicial systems' ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. **Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118 (1ˢᵗ Cir. 1989).**

Applicant did not know about any such proceedings and did not appear at any such proceedings and was not told by his attorney or the Court about any such proceedings. **He did not announce ready.** Applicant was not before the court for adjudication the court had already lost jurisdiction. THESE WERE ILLEGAL EXPARTE HEARINGS **Mapco Inc. v. Forrest, 795 S. W. 2d 700, 703 (Tx. 1990)**

## Fact 14.
## 2/5/09

CHRISTOPHER HALL PRE TRIAL HEARING CAUSE NO. S-08-5080-2 VOLUME 5-A OF 11
**SEE EX # 14**

FRAUDULENT EXPARTE PROCEEDINGS CASE NUMBER AND VOLUME NUMBERS WERE ENTERED ON CO DEFENDANT CHRISTOPHER HALL'S 2/5/09 PRE TRIAL HEARING COURT REPORTERS RECORD.

This hearing with the fraudulent cause number and volume numbers was not entered onto the co defendant's judgment roll under the table of contents that listed all the other volume numbers and

36

cause numbers in the trial court recorded proceedings.  **SEE EX # 15  page 2 of Reporters /record**

## Volume 1-11 MASTER INDEX

## FACT 15
## 2/5/09

## FRAUDULENT EXPARTE DISCUSSION OF APPLICANT'S  DECISION ON PUNISHMENT BETWEEN JUDGE WHATLEY AND DEFENSE ATTORNEY JOHN GILMORE

## CONCEALMENT OF FRAUDULENT PROCEEDINGS FROM APPLICANT, PUBLIC CRIMINAL COURT OF APPEALS AND THIRTEENTH COURT OF APPEALS AND SOUTHERN DIST. COURT HOUSTON TEXAS

## APPLICANT'S CLAIM UNDER 2,3, AND 4
**Fraud and Fraud om the Court, Ineffective Counsel, Violation of Due Process and Statutory Procedures and Rules  And Tampering with Trial Court/Government Document/Record**

Co defendant Christoper Hall's **Ex #  16   Indictment, Ex # 12  Criminal Docket Sheet, and all other Court Reporter's Records**  identify Hall's Cause **No. A-08-5080-2CR    not  S-08-5080-2**

The Court Reporter's Record show under Christopher Halls Recorded Proceedings Volumes

1-11. these Volumes are listed  in the Courts Table of Contents of the Co Defendant's  Judgment Roll

that was submitted to the 13th Court of Appeals Corpus Christi Texas Cause No. 2:12-cv-00093.

The Court Reporters Record actually contain 12 volumes on Christopher Hall's pre trials. But the 12th

Volume is styled Court Reporters Record Volume 5-A of 11 and instead of the proper Cause No. of A-

-08-5080-2CR. it is represented as S-08-5080-2.

**See  EX #  15  3RD  PAGE     TABLE OF CONTENTS**

Volume 1 of 11    Master Index
Volume 2 of 11    Pre trial Motions  (7/24/08) ( there is no Court Reporter's Record on this)
Volume 3 of 11    Announcement      (9/25/08)
Volume 4 of 11    Pre Trial Hearing (10/23/08)
Volume 5 of 11    Pre Trial Hearing  (11/25/08)
Volume 6 of 11    Jury Trial  Voir Dire Proceedings (2/9/09)
Volume 7 of 11    Jury Trial  Guilt Innocence (2/9/09)
Volume 8 of 11    Jury Trial  Guilt Innocence (2/10/09)
Volume 9 of 11    Jury Trial Guilt Innocence  (2/11/09)
Volume 10 of 11   Jury Trial Guilt Innocence  (2/12/09)
Volume 11 of 11  Punishment-Sentencing      (2/13/09)

2/5/09 Court Reporters Record **Volume 5-A of 11 was not recorded** onto the Table of Contents of co defendant's Judgment Roll like all the other above listed volumes were, and was not submitted to The 13th Court of Appeals where co defendant filed his Appeal.. Judge Whately and Pam Heard the District Clerk submitted a fraudulent Judgment Record to the Court of Appeals (Tampered with trial court/government document.) This fraudulent **Cause No** entered onto the Court Reporters Record and fraudulent volume number is part of the scheme that the officer's of the court participated in to conceal proceedings from the court and applicant and influence the tier of fact, and deceive any future proceedings held by any other officer's of the court. THIS IS TAMPERING WITH A GOVERNMENT DOCUMENT WHICH IS A CRIME.

At this hearing Trial Judge Janna Whately presided and those that appeared were Co defendant Christopher Hall with his Attorney Stan Turpin, State's Attorney Patrick Flanigan, and Applicant's Defense Attorney John Gilmore. Applicant did not appear. Applicant was not before the court for adjuration the court had already lost jurisdiction.

THIS WAS AN ILLEGAL EXPARTE PROCEEDING DISCUSSING APPLICANT'S TRIAL AND CAUSE WITHOUT HIS Appearance **MAPCO Inc. v. Forrest, 795 S. W. 2d 700, 703 (Tx. 1990).** Judge Whatley and all the other officer's in appearance schemed to make it appear that Applicant had announced Ready for trial when he was not before the court for adjudication and did no announce readly for trial this scheme included keeping the Applicant and the co defendant joined for the trial held on 2/9/09. Officer's of the court continued their scheme to defraud the court and the applicant and to influence the tier of fact. Fraud occurs when a party sets into motion a scheme calculated to interfere with the judicial systems' ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. **Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118 (1st Cir. 1989).**

The Court had already lost jurisdiction for the violation of the Applicant's 14th amendment rights. **JOHNSON V. ZERBST 304 U.S. 458 Sup. Ct. 1938.** The court had no jurisdiction to proceed to a joint trial or a separate trial of Applicant or to hold any other proceedings other than Acquittal.

The trial court was without jurisdiction to proceed that parties may have agreed to it are immaterial.

The verbal, written or illegally disposed of order, that appeared to allow the court to proceed was in

38

violation of the 1st amendment to the Constitution. **Near v. Minnesota ex rel. Olson, 283 U. S. 697, 51 S. Ct. 625, 75 L.Ed, 1357 (1931), Shelly v. Karmer, 334 U.S. 1. 68 S. Ct. 836 92 L. Ed 1161 (1948).** Once a court orders per trial orders the court cannot disregard it's own orders. **Dennis v. Haden, 867 S. W. 2d 48,51 Tex. App.(1933).**

At this pre trial hearing Judge Janna Whately did not call Applicant's Name or Cause Number, she did not call co defendant Hall's name or cause number. However at the very beginning of the proceedings Flanigan announced Ready on Hall **see Ex#14 page 3 lines 3-5.** Flanigan never announced ready on Pate, and John Gilmore never announced Ready on Pate.

After some discussions on Hall's pre trial motions, Stan Turpin finally announced ready as well.

**See Ex # 14 page 3 lines 8-13.**

Judge Whately's only question to John Gilmore was Who is doing Punishment and Gilmore's response was I think we are going to Jury on that. See **Ex# 14 page 9 lines 16-25 and page 10 lines 1-4.**

The court had no jurisdiction over Applicant or the Subject Matter at this time, the court had already lost jurisdiction for violating Applicant's 14th amendment to a fair and impartial trial, opportunity to be heard, and notice. **Johnson v. Zerbst 304 U.S. 458 Sup. Ct. 1938.**

## FACT 16.
## 2/9/09 The Illegal Trial of Applicant

FRAUDULENT PROCEEDINGS OF JOINT JURY TRIAL OF APPLICANT CHADRICK B. PATE AND CO DEFENDANT CHRISTOPHER HALL

In Spite of a Court Order by Judge Joel Johnson given by Oral Order on 11/25/08 that Severed the Trials of Applicant and Co defendant Hall and in spite of a Pending Motion for Severance in the pre trial court, Judge Whately and Officer's of the Court simply set about acting alone and together to manipulate the judiciary process to make it appear that the court still had jurisdiction over the Applicant and the subject matter and then tried him in an illegal proceeding that they submitted as a fair and impartial Jury trial.

**39**

Before the trial started on 2/9/09 at the Voire Dire proceeding **See Ex# 17 Court Reporter Record Volume 4 of 9 page 102 lines 5-25 .**

Applicant's Mother was entering the Court room and was stopped at the door and told that she could not come in for the trial. She went to the District Clerk's Office and asked to see a Judge The clerk asked her why and she told her that she was not being allowed to go inside the court room. Clerk went to announce her to the Judge, when she came back she told her that the Judge told her to go back down there and she would be allowed to go in. She went inside and was told to stand on the back wall because there was no seating for her.

At the Voire Dire a potential Juror Ms. Voss kept asking John Gilmore (Applicant's Attorney) about why both Applicant and Co defendant were at the same trial. Gilmore finally gave her an answer. See **Ex# 17 Court Reporters Record Volume 4 of 9 Chadrick B. Pate page 102 lines 5-25.** He said we are being forced to do it this way okay. We don't want to.Ms.Voss was not picked for the jury trial.

After the Voire Dire Proceedings the Jury Trial proceeded, and before it did , Applicants Mother was standing outside the Court Room Doors in the Lobby Area when a woman who did not identify herself and who was unknown to his Mother stated loudly. I am invoking "The Rule" Applicant's Mother Asked first. Who the woman was and she identified herself as Assistant District Attorney and then Applicant's Mother asked what rule she was talking about and the woman's response was you cannot come into the court room during the trial unless you are called to testify. **See Texas Rules of Evidence Invoking Rule 614** Under this rule at the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses and it may make the order of it's own motion. This rule does not authorize exclusion of **(3)** a person whose presence is shown by at party to be essential to the presentation of the party's cause. The Court violated Applicant's right to be heard and notice.

40

There is no on the record request from any party to exclude Applicant's Mother . Applicant was not given an opportunity to be heard to challenge the Rule and to present his case that his Mother should not be excluded under **Rule 614 (3).** There is no record that Applicant was given and opportunity to be heard or notice. Applicant's Mother was not called to testify. It was the State that subpoena her to testify.

Applicant was brought to the trial in Leg Restraints. There is no Court Order ordering him to wear Leg Restraints and no hearing on the matter. Someone in the audience stated out loud.( that person was a witness for the State who obviously was sitting in the court room ) He is in jail I can see his Leg Restraints. **See Ex# 18 Trial Transcript page 259, 260 and 261 and Ex # 19 Applicant Affidavit.** The court must make independent determination that restraints are justified **and must state its reason on the record. See Deck ck v. Missouri 544 U.S. 622 (2007).**

Defense Attorney John Gilmore, Co Defendant's Attorney Stan Turpin, and the State's Attorney stayed silent as to the justification of Leg Restraints on Applicant violating Applicant's Due Process rights and committing fraud on the court.

Defense Attorney motioned for a severance numerous times at trial, to which Judge Whately simply overruled and held no hearing, and made no on the record factual findings for her reasons to deny the severance. **See Ex# 20 Trial Transcript Reporters Record Volume 6 of 9 page 221 11-25.**

Judge Whately allowed the State to bring in the statement of a co defendant that was not testifying that Applicant could not confront. She simply told the Jurors to disregard the statement.

At the sentencing and punishment proceedings John Gilmore did not call one Witness on Applicant's behalf, and he did not tell Applicant's family that they could testify for him until about an hour before the proceedings. Applicant's Best Friend and Sister had already left the proceedings for the day and Applicant's Mother could not reach them. Applicant would not allow his Mother to testify because she was still in shock and devastated from the Jury having found a Guilty Verdict against her oldest child

41

and only son.

## APPLICANT'S CLAIM UNDER 2,3. AND 4

Every single event at the 2/9/09 joint trial of Applicant was Fraud upon the Court and a violation of Applicant"s Right to Due Process under both the Texas Constitution and the U.S. Constitution.

## THE EVENTS AFTER THE TRIAL AND CERTIFICATION OF APPLICANT'S JUDGMENT

## AND CERTIFICATION TO THE 13TH COURT OF APPEALS CORPUS CHRISTI, TEXAS

## FACT 17

FRAUDULENT RECORDS IN CERTIFICATION OF APPLICANT'S JUDGMENT ROLL TO THE 13TH COURT OF APPEALS CORPUS CHRISTI TEXAS , CRIMINAL COURT OF APPEALS, AUSTIN, TEXAS AND THE U.S. DISTRICT COURT SOUTHERN DISTRICT OF TEXAS AT HOUSTON TEXAS

### Applicant's Claim under 2,3, and 4
### 6/24/09

FRAUDULENT RECORDS IN CERTIFICATION OF APPLICANT'S JUDGMENT ROLL TO THE 13TH COURT OF APPEALS CORPUS CHRISTI TEXAS

On June 24th 2009 The District Clerk Pam Heard and Presiding Judge Janna K.Whately certified

Judgment Records to the 13th Court of Appeals Corpus Christi. Texas . Judge Whatley certified **See**

**EX # 24 Judge Whately's Certification** the proceedings that were held , instruments and other papers

that were filed in cause **A-08-5080-4 CR Chadrick B Pate.See EX # 14   INDEX CHADRICK B.**

**PATE A-08-5080-4CR  page 1** under last entry on the page showing Order on Motion for Severance.

**See Ex # 6 .**   This is the same Order that Judge Wellborn called a Mistake and said that it had

not been officially filed. See Ex# **9.** It is also the same Order that the District Clerk Pam Heard

said had not been filed and was just a piece of paper in the file. **See Ex # 7.**   Yet Judge Whately

says it was a proceeding that was held and it was filed into  Cause No. A-08-5080-4CR.

The District C lerks Office (Pam Heard's Office ) also certified that the Order was a proceeding

that was held and filed in Cause No. A-08-5080-4CR.  **See Ex # 23 District Clerk Pam Heard's**

**Certification.** By submitting the Order on the Motion for Severance Judge Whately and Pam Heard committed Fraud on the Court and Tampered with a Trial Court/Government Document..

The Index (Judgment Record in A-08-5080-4CR) that Judge Whately and Pam Heard submitted to the Court of Appeals is not only fraudulent for listing the Order on the Motion for Severance as a proceeding that was held and filed into Cause No. A-08-5080-4CR Chadrick B. Pate.

It is also fraudulent because the Index does not list all of the Fraudulent Proceedings that the Court entered and recorded as held and filed in Cause No. A-08-5080-4CR on Applicant's Criminal **Docket Sheet See Ex# 4** . The illegal Proceedings that Judge Whately and Pam Heard did not certifiy to the Court of Appeals, are the Proceedings that were used to make it appear that Applicant had been legally rejoined to the Co defendant for a joint trial after they refused to hold the Court Ordered Trial for Applicant on 11/3/08.   These events stipulate a tampering of government documents. The listed Proceedings had to be Concealed from the Court of Appeals otherwise the Fraud committed against the Applicant and The Court of Appeals, Criminal Court of Appeals and the Federal Court would have been revealed and Applicant's conviction would have been Overturned long ago.

The Judgment for Chadrick B. Pate Cause No. A-08-5080-4CR does not conform to statutory rules.

**See: Trap Rule 34.5 (a) states   Contents**

Unless the parties designate the filings in the appellate record by agreement under rule 34.2 the record must include copies of the following:Trap Rule 34.5 (a) (2) Indictment or Information.

Any Special Plea or Defense Motion that was presented to the court and OVERRULED

Any Written Waiver, any written stipulation and in case in which a plea of guilty or nolo contendre any documents entered for the plea.

The Motion for Severance is a Defense Motion pursuant to 34.5 (a) (2) however it was not overruled.

The Order Granting Applicant's Severance dated 9/25/08 EX#6 is the Order that Judge Wellborn said that he signed by mistake and the same order that The District Clerk had called just a piece of paper in

42

the Applicant"s file. And the Court Index Judgment does not include all of the Fraudulent Proceedings entered on Applicant's Criminal Docket sheet.

Also see: Tx. R. Civ. 301   Judgment of the court shall conform to the Pleadings nature of case proved and the verdict if any and shall be so framed as to give party all relief in which he is entitled either in law or equity .

Judge Whately and the District Clerk violated Applicant's Due Process right to a fair and impartial Appeals Process, to be heard and notice and committed fraud on the Court, the 13th Court of Appeals. The Court of Criminal Appeals, Austin and the U. S. District Court for the Southern District of Texas, Houston Division where the fraudulent record was entered to conceal the Trial Court's fraud on the court by the court. And to be certain the Appeals Process would be denied.

"Fraud is defined as trickery or deceit, intentional misrepresentation, concealment, or nondisclosure, for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him, or a false representation of a matter of fact by words, conduct or by concealment of what should have been disclosed that deceives or is intended to deceive another so that he shall act upon it to his legal injury," (emphasis added) **In re E.P ., 185 S.W. 3D 908 (Tex. App.-Austin 2006)**

## FACT 18

### The District Clerk's Responsibility to report fraudulent documents

**See Govt Code Sec. 51.303.Duties of the Clerk (a)**The clerk of a district court has custody of and shall carefully maintain and arrange the records relating to or lawfully deposited in the clerk's office. **(b)** the clerk of a district court **shall ((1)** record the acts and proceedings of the court **(2)** enter all judgments of the court under the direction of the **judge.**

**also see  Govt.. Code Title 2 Subtitle D. Chap. 51 Section 51.901 Subsection J. showing:** It is the duty of the District clerk if the clerk has reasonable basis to believe in good faith that a fraudulent document or instrument has been previously filed or recorded or offered or

43

submitted for filing or for filing and recording is fraudulent, the clerk shall:**(1)** if the document is

a purported judgment or other document purporting to memorialize or evidence an act, an

order, a directive, or process of a purported court, provide written notice of the filing, recording

, or submission for filing or for filing and recording to the stated or last known address of the

person against whom the purported judgment, act, order, directive, or process is rendered;

### Applicant's Claim Under 2 and 3
**Fraud on the Trial Court, and Courts of Appeals**

The District Clerk did not provide notice to Applicant of Fraudulent Judgment, Criminal Docket Sheet

Court Order or Index Sheet that their office certified to the 13th Court of Appeals. The District Clerk

did not provide notice of the Purported Motions for Continuances, Purported Orders on Continuances,

Purported Court Ordered Reset Dates, Purported Announcements (that do not exists in the Court

Records,) only on the Applicant's Criminal Docket Sheet. The District Clerk tampered with the

Record in the Applicant's Criminal Trial. The District Clerk and Court should have

had a reasonable basis to believe in good faith that the above mentioned documents were fraudulent.

1. Because the clerk's office is the party that discovered with the court that the Order Granting

Applicant's Motion was a mistake but yet allowed it to be certified to the 13th Court of Appeals Corpus

Christi, Texas 2. Because the clerk's office has custody of and shall carefully maintain and arrange the

records relating to or lawfully deposited in he clerk's office.

The Clerk recorded as filed the above mentioned documents when the clerk's office knew that

every proceeding/document, order, reset day, announcement motion and order entered onto the

Applicant's Criminal Docket Sheet after the 10/23/08 hearing on his Motion to Dismiss were

fraudulent entries.

The Clerk's office tampered with government documents. The Clerk's office knew that there were no

Recorded Proceedings in the Trial Court Record showing evidence of any of the entries that the

44

Clerks' office made onto the Criminal Docket Sheet after the 10/23/08 hearing. The District Clerk and Judge Janna Whatley committed fraud and fraud on the court when they tampered with the government documents in the Applicant's Criminal Trial Case, submitted a Fraudulent Judgment to the 13th Court of Appeals and failed to Report Fraudulent Records filed and entered into the Trial Court and the 13th Court of Appeals Corpus Christi, Texas.

**Letter from Judge Wellborn in Response to Letter from Habeas Attorney Carrie Crisp.**
**Ex # 9**

Without quoting Judge Wellborn, he in essence stated that he was the pre trial judge at a hearing for a Motion for Severance by Applicant on 9/25/08 but that the State requested a Motion for Continuances that same day and that both parties agreed to continue said matter. He said that while he meant to sign an Order Granting the Motion for Continuances, he instead had signed the Order Granting the Motion for Severance by mistake. He said that there were several orders in the Clerks file and they brought him the wrong Order but that they discovered it quickly and that is why the order was never formally

filed and did not get a file stamp . He went on to explain that normally all Orders received a file stamp when they were filed . He also stated that when someone announced that one or more of the parties were waving there rights to a jury trial that the Motion for Severance became Moot.

Judge Wellborn did not explain why the Order Granting the Motion remained in the file or why he did not reverse the action of signing the Order. He also did not say who made the announcement and at what proceeding it was announced, or why there was no record on an announcement or factual findings on his reasons for determining the Motion was Moot.   **See EX # 9 Letter from Judge Michael Wellborn to Carrie Crisp.**

Facts in The Trial Court Record regarding the claims in Judge Wellborn's letter do not comport with the claims

45

There is no recorded proceeding of any Announcement announcing that one or more of the defendant's

were going to waive their rights to a jury trial.

There is no recorded proceeding where Judge Michael Wellborn rendered the Motion Moot and

provided a decision with factual findings on the Record

There is no Record of notice of any such hearing and there is no notice to Applicant of a decision

finding the Motion Moot.

There are laws and procedures that must be followed at pre trial and trial.

Announcements are suppose to be made on the record and Notice given.

Defense Motions must be ruled on prior to trial and a hearing had to determine the facts presented in

the Motion, a Decision must be made on the Motion with factually findings that support either the

Granting or Denial of same and notice provided.

When a Motion is presented to the judge the maker of the Motion must also prepare a Order for the

Judge to sign and provide said order to the judge and they go over the Motion and Order together.

It is not the clerk that prepares or presents the Order, it is the Maker of the Order.

John Gilmore told the Applicant and his Mother who both inquired numerous times that the Motion for

Severance was denied, He told Applicant's Mother this only a few days before trial when she insisted

that he find out what was going on with the severance.

## CONCLUSION

Because the trial court proceeded to a joint jury trial with the co defendant when Applicant Chadrick B. P'ate and the natter were not properly before the court for adjudication, the trial court had no jurisdiction to enter a Void Judgment, Sentence and Conviction against him and illegally impri son him in the Texas Department of Criminal Justice System.

Because the trial court and it's officers committed fraud on the court and tampered with the documents in Applicant's criminal trial court record, the court had no jurisdiction to try applicant at either a separate or joint trial with the co defendant.

All of the Facts Presented Both On The Record of the trial court and Outside the Courts Record and Supported by the Courts records or sworn affidavit verify the Conclusion that Applicant's Judgment is Void . Because the Conviction was acquired through the Violation of Applicant's Due Process Rights to a fair and impartial trial, opportunity to be heard and Notice, and that Officers of the Court committed Fraud on the Court by the Court and tampered with the trial court records in order to obtain an illegal Conviction of the Applicant. Then it is evident that the Judgment is Void.

The trial court and it's officers misrepresentations to the Court, were deceitful, used trickery concealed facts, were passively silent, prevented a decision on a defense motion presented fraudulent documents, entered fraudulent proceedings and used deception by commission, by omission, by speech, by silence, and by innuendo to obtain the conviction.

The trial court proceeded to trial when they had no jurisdiction over Applicant or the matter and gained an illegal conviction that illegally imprisoned Applicant,

Applicant nor the issue were properly before the court for adjudication. The trial court violated Applicant's D ue Process Rights to a impartial and fair trial, opportunity to be heard, and notice through their violations of Applicant's Due Process, fraud and fraud upon the court that caused the Court to lose jiurisdiction to proceed to trial and to enter a Void Judgment, Conviction and Sentence.

47

Johnson v. Zerbst 304 U S  458 Sup Ct  , Fay v. Noia 372 U S 391 (1963)

Mapco Inc. V. Forrest, 795 S W 2d 700.703 (Tx. 1990)  See  Armstrong v. Obucino 300 III 140,143 (1921), Bracey v. Warden U S Supreme Court No 96 – 6133  (June 9th 1997)

Exparte Young 418 S. W. 2d 214.223(Tx. Crim. App. 1977.

Fraud may consist of both active misrepresentation and passive silence. **Vela v. Marywood 17  S. W. 3d 750, review denied with per curiam opinion 53 S W 3d 684 rehearing of petition for review denied (Tex App. Austin 2000).**

"Fraud Upon the Court" has been defined as that fraud committed by an officer of the court in any attempt to deceive, either by commission, by omission,by speech, by silence, by gesture, by innuendo by look, etc. Whenever this fraud is committed by any attorney or judge, it is a "fraud upon the Court" **In Eugene Lee Armentrout et. al., Ill. 2D 242 75 Ill Dec 703 457 N.E.2d 1262 (1983): Regenold v. Baby Fold, In c., 68 Ill. 2D 419,435 12 Ill Dec. 151.369 N.E. 2D 858 (1977) ; In re Lamberis, 93 Ill. 2D 222,229, 66 Ill. Dec.623, 443 N.E.2d 549 (1982); Bulloch v. United States k 763 F 2d 1115,1121 (1985); Root Refining Co. v. Universal Oil Products Co., 169 F2d 514 (1948)**

Fraud occurs when a party sets into motion a scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. **AOUDE v. Mobil Oil Corp., 892 F.2d. 1115,1118 (1st Cir. 1989).**

It is fraud that denies a losing litigant the opportunity to fully litigate at trial his rights or defenses that could have been asserted. **Alexander, 266 S W 2d @ 1001: King Ranch, Inc. v. Chapman, 118 S W 3d 742,752 (Tex. 2003) .** In **Fay v. Noia** the court observed: Criminal proceedings so fundamentally defective as to make imprisonment pursuant to them constitutionally intolerable should not be allowed to obscure the basic continuity in the conception of the Writ as remedy for such imprisonment.

## PRAYER

Wherefore Petitioner Prays that the Court grant Chadrick B. Pate relief from which he is entitled in this proceeding, that includes an Immediate Emergency Decision, an Order for his Immediate Release from Incarceration, Order Vacating and Dismissing the Void Judgment, Sentence, and Conviction, an Order Removing/Expunging the Conviction from all Judaical and Government Records, And an Order that Sanctions the Trial Court and it's Officers of the Court for the Fraud and due process violations inflicted upon Applicant Chadrick B Pate. And any other relief that is available to him.

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.     WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

### EMERGENCY MOTION FOR RELEIF
REQUEST FOR IMMEDIATE BAIL DECISION AND IMMEDIATE RELEIF
PURSUANT TO THE UNDERLYING ORIGINAL EMERGENCY WRIT FOR HABEAS
CORPUS WR-78.165-02

## COVER SHEET

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 02 2015

Abel Acosta, Clerk

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.    WR-78, 165-02

| | |
|---|---|
| EX PARTE | FROM THE DISTRICT COURT |
| CHADRICK B. PATE TDCJ NO. 01563340 | 36TH JUDICIAL DISTRICT |
| APPLICANT | ARANSAS COUNTY, TEXAS |
| | CAUSE NO. A-08-5080-4CR |

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

## EMERGENCY MOTION FOR RELEIF
## REQUEST FOR IMMEDIATE BAIL DECISION AND IMMEDIATE RELEIF
## PURSUANT TO THE UNDERLYING ORIGINAL EMERGENCY WRIT FOR HABEAS CORPUS

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Petitioner Nema Bardin on behalf of Applicant Chadrick B. Pate and respectfully

submits this Emergency Motion for Relief pursuant to and on the Original Writ of Habeas Corpus

filed in this Court on May,19th, 2015 .AND Amended Emergency Original Writ of Habeas Corpus filed

on this date June 02, 2015 seeking relief from Cause No. A-08-5080-4CR a Void Judgment,

Sentence and Conviction ordered in the 36th Judicial District Trial Court Aransas, County Texas, and

certified by Trial Judge Janna K. Whately. Because the Trial Court Judgment in Cause No. A-08-5080-

4CR is Void for lack of Jurisdiction, Fraud on the Court, and Tampering with a Trial Court Government

Record then this Motion also pertains to relief from Cause No. WR-78.-165-01 The Intial Writ of

Habeas Corpus filed into this Court on or about 6/21/2011 and was denied on 3/6/2013 without

1

written order by Judge Cochran, and from Cause No. 13-09--00112CR affirmed 10/27/2010 from the Thirteenth District Court of Appeals.

These two judgments are void because they each flow from the illegal and Void Trial Court Judgment in A-08-5080-4CR. Chadrick B. Pate .

## JURISDICTION

Because this Motion flows from the filing of Petitioner's Original Writ of Habeas Corpus it has jurisdiction for the same reasons it has Jurisdiction over the Original Writ filed on the 19th day of May 2015 and Amended Writ filed on this date June 02, 2015 pursuant to Article V Section 5 of the Texas Constitution and Amendments 1, 5,6 and 14 of the U. S. Constitution . **See Exparte Thompson 273 S. W. 3d 177, 181 (Tex. Crim. App.2008) showing this court to have general jurisdiction over Original Habeas Corpus See Tex Const. Article V**

## STATEMENT OF THE CASE

Petitioner Nema Bardin filed an Original Writ of Habeas Corpus in this Court on May 19th, 2015, and then filed an amended Writ on June 02, 2015 by hand delivering it and speaking personally with Mr. Abel Acosta Clerk for the Texas Criminal Court of Appeals. Petitioner asked to speak with Mr. Acosta in order to explain that the Writ being filed was not a 11.07 Writ and therefore not a Second or Successive Petition under 11.07. Petitioner explained the nature of the Writ and why it was being filed as an Original Writ under this Courts inherent power and jurisdiction to provide the relief requested. Mr. Acosta took the Document after reviewing some of the paperwork with Petitioner and stated that he would file it. On May 22nd, 2015 after checking her mail box, Petitioner found that there was no notification from the Court providing notice that the Documents had been filed. Because Petitioner's address is local she called Mr. Acosta to inquire about the filing of the documents. He stated that she should have received a post card. A conversation regarding the filing and docketing and the rules and

2

procedures that are required on the kind of Writ that Petitioner filed left Petitioner confused. Because Petitioner was told that there were no deadlines for the Court to make a decision on the Writ that she had filed, and because she was told that the Case No. for the Writ that she filed was the same as the Initial Writ that Applicant Pate had filed with the exception of the last two digits, Petitioner was in a quandary, and decided that she had better study the Trap rules more thoroughly. Petitioner checked her mail again on May 23, 2015 and the Post Card had still not arrived at her downtown P O Box 772 Austin, Texas.. After reviewing the Trap Rules, Petitioner felt that there should be a requirement on the time frame for a decision on the Serious Matter of a Writ that challenged the Judgment of the Trial Court as being Void for Lack of Jurisdiction. Petitioner filed an Amended Emergency Writ of Habeas Corpus on this date June 02, 2015 hand delivered to the Clerk and has at the same time filed this Emergency Motion for Releif also hand delivered on June 02, 2015 to the Clerk.

It is not Petitioner's intent to overide this Court with endless Petitions/Motions, it is only her intent to follow the procedures (although as a layman they are incredibly confusing to her) she does not want the Writ to be denied for failure to follow the rules or procedures. Applicant lost his liberty because the trial court purposely failed to follow the rules and the procedures required of them. Petitioner does not question that Mr. Acosta is not following the rules. She is sure that he is, but because she has no idea which rules that are being followed then she has determined it best to file this "Motion for Emergency Relief", with the hope that the Original Writ of Habeas Corpus will not be denied for her failure in misunderstanding the Trap Rules and Procedures/Protocols that the Clerk's Office uses to see that these kinds of Writs are filed and journaled properly and expeditiously.

The Petitioner has filed her Original Writ for Habeas Corpus into the proper Court **See Thompson 273 S W 3d 177, 1 81 (Tex. Crim. App. 2008).**

If what Mr. Acosta says is true, that the Court has no time limit for a decision on the Writ, and it could be years before a decision, then Petitioner and Applicant do not have an adequate remedy for relief.

3

See **In re Mc Cann 422 S W 3d 201 (Tex. 2013)** showing:that the remedy is not adequate if the remedy is: uncertain, tedious, burdensome, slow, inconvenient or, inappropriate, then it is deemed to be ineffective (quoting from **Greenwell v. Court of Appeals for the Thirteenth Judicial Dist. 159 S. W. 3d 645,64 8-9 (Tex. Crim. App 2005).**

With this in mind Petitioner respectfully request that this Court take immediate action and grant Applicant **Bail on a Personal Recognizance Bond** freeing him from incarceration until which time this Court can reach a decision on the merits of the Petitioner's claims and that immediate action be taken on this Motion and on the Original Writ of Habeas Corpus filed on the 19th day of May 2015. and the Writ filed amending on this date June 02, 2015..

More than a (114) days have passed since the filing of the Original Writ, and Applicant has been illegally restrained for 7 years.

Petitioner has supported the Writ with undeniable proof that the Trial Court Tampered with the trial court records, violated Applicant's right to a fair and impartial trial, lied to jurors held ex parte hearings and manipulated the Judicary in order to obtain an illegal conviction over Applicant. Applicant has' provided the trial courts own records that prove the claims that she has made. Applicant received no fair and impartial trial, opportunity to be heard and notice at the sham trial. The trial court violated Applicant's U. S Constitutional Due Process rights, under the Texas Constitution.. See **Winters v. Presiding Judge of Criminal Dist. Court No. Three of Tarrant County 118 S W 34.**

If Petitioner has failed to follow any rules or procedures, this Motion nor the Original Writ should be denied for such a failure. In **Judge Acala's dissent in the case of Tyrone Casey Sledge citing Ex Parte Graves 70 S W 3d 103-107-(Tex. Crim. App 2013) she concluded:** that the purpose of the Habeas Statute was to limit subsequent writs to regulate the influx of applications raising claims that were only recently cognizable rather than to limit the traditional common law claim that the trial court

4

lacked jurisdiction over the case. She concluded that The legislature may not withhold the right of habeas corpus Tex. Const. Art. 1, 12 (The Writ of Habeas Corpus is a Writ of right and shall never be suspended.)

## CONCLUSION

**Petitioner's filing of the Original Writ of Habeas Corpus presents not only exceptional circumstances for which relief should be granted, but it should be granted to meet the very ends of justice.** Because the Texas Court of Criminal Appeals is the last resort and State remedy for relief from a Judgment that is Void for Lack of Jurisdiction, and because to deprive Applicant of his only effective State remedy would not only be contrary to the rudimentary demands of justice but destructive of a constitutional guaranty specifically designed to prevent injustice, and because The Writ lies as a traditional civil remedy for the enforcement of the right, to personal liberty , not a stage of the state criminal proceedings or as an appeal therefrom , and because The Court of Criminal Appeals may take action authorized by constitutional provision, and under common law, and it's inherent and implied power, this Motion for Emergency Relief should be granted and The Original Writ requesting relief should be heard as an emergency and all relief requested in the Writ should be granted.

5

## PRAYER

Petitioner prays that this Honorable Court will hear and grant and issue Order on this Motion for Emergency Releif immediately providing for BAIL on a Personal Recognizance Bond and that it issue Order to rule on Petitioner's Original Writ of Habeas Corpus and grant all relief requested there-in and do so within 7 days of this filing.

Petitioner prays that this Honorable Court by granting such requested relief will at least see that Applicant's Liberty is restored quickly and unconditionally.

6

## Certificate of
## Compliance

Petitioner has telephoned the District Clerk of Aransas County, The Disctrict Attorney of Aransas County, Judge Janna K. Whately and the Director of TDCJ and notified each of them that this Emergency Motion for Relief would be filed. Petitioner spoke with a staff member in each instance and provided the notification, however Cookie at the Director's office could not hear me due to some kind of telephone interference. Petitioner made every effort to notify.

Nenia Bardin
/Petitioner
dated  6/2/2015

7.

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

EXPARTE
CHADRICK B. PATE
TDCJ 01563340
APPLICANT/REALTOR

FROM THE DISTRICT COURT
36TH JUDICIAL D ISTRICT
ARANSAS COUNTY TEXAS
CAUSE NO. A-08-5080-4CR

V.

PRESIDING .JUDGE JANNA K. WHATELY

## CERTIFICATE OF SERVICE

I do hereby certify that a true original of the above and foregoing

Emergency IMotion for Relief was personally hand delivered on the 2nd day of June 2015 to The

Texas Court of Criminal Appeals Clerk's Office at 201 W. 14th Street, Austin Texas 78701.

_____
Nema Bardin Petitioner

8

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.      WR-78, 165-02

EX PARTE                                    FROM THE DISTRICT COURT
CHADRICK B. PATE TDCJ NO. 01563340          36TH JUDICIAL DISTRICT
   APPLICANT                                 ARANSAS COUNTY, TEXAS
                                             CAUSE NO. A-08-5080-4CR
NEMA BARDIN
 PETITIONER
      V.
JUDGE JANNA K. WHATELY


TABLE OF CONTENTS

LETTER TO CLERK OF CRIMINAL APPEALS ABEL ACOSTA

COVER SHEET

AMENDED EMERGENCY ORIGINAL WRIT OF HABEAS CORPUS (49 PAGES)

JURISDICTION PAGE 2

PROCEDURAL HISTORY 3

EMERGENCY RELIEF PAGE 4

STATEMENT OF CASE PAGE 5-10

CLAIMS/GROUNDS FOR RELEIF PAGES 11-13

MEMORANDUM IN SUPPORT WITH FACTS SUPPORTING CLAIMS/GROUNDS FOR
RELIEF PAGES 13-46

CONCLUSION PAGE PAGES 47-48

PRAYER PAGE 49

APPENDIX COVER SHEET

APPENDIX

PAGE 1 OF 2

CERTIFICATE OF SERVICE (2 PAGES)

PETITIONER'S NOTARIZED OATH (1 PAGE)

EXHIBIT LIST (2 PAGES)

EXHIBITS 1-24 COVER SHEETS

THE ACTIUAL EXHIBITS CAN BE FOUND IN THE COURTS RECORDS UNDER WR-78,165-02 FILED ON 5/19/2015

LIST OF AUTHORITIES

## IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

### WRIT NO.    WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
  APPLICANT

NEMA BARDIN
 PETITIONER
      V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
 ARANSAS COUNTY, TEXAS
 CAUSE NO. A-08-5080-4CR

### APPENDIX COVER SHEET

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.    WR-78, 165-02

EX PARTE                                    FROM THE DISTRICT COURT
CHADRICK B. PATE TDCJ NO. 01563340          36TH JUDICIAL DISTRICT
    APPLICANT                               ARANSAS COUNTY, TEXAS
                                            CAUSE NO. A-08-5080-4CR

NEMA BARDIN
PETITIONER
        V.
JUDGE JANNA K. WHATELY


APPENDIX


CERTIFICATE OF SERVICE (2 PAGES)

PETITIONER'S NOTARIZED OATH (1 PAGE)

EXHIBIT LIST (2 PAGES)

EXHIBITS 1-24 COVER SHEETS

THE ACTUAL EXHIBITS CAN BE FOUND IN THE COURTS RECORDS UNDER WR-
78,165-02 FILED ON 5/19/2015

LIST OF AUTHORITIES

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.      WR-78, 165-02

| | |
|---|---|
| EX PARTE | FROM THE DISTRICT COURT |
| CHADRICK B. PATE TDCJ NO. 01563340 | 36TH JUDICIAL DISTRICT |
| APPLICANT | ARANSAS COUNTY, TEXAS |
| | CAUSE NO. A-08-5080-4CR |
| NEMA BARDIN | |
| PETITIONER | |
| V. | |
| JUDGE JANNA K. WHATELY | |

PETITIONER'S INFORMATION

NEMA BARDIN
P. O. Box 772
Austin, Texas 78767
512-487-0197 cell

CERTIFICATE OF SERVICE

I do hereby certify that a true original of the above and foregoing Application of Emergency Original Habeas Corpus was personally hand delivered on the 2ND day of JUNE, 2015 to The Texas Court of Criminal Appeals Clerk's Office at 201 W. 14th Street Austin, Texas 78701 and sent regular mail to:

JUDGE JANNA K. WHATELY
P.O. BOX 700
SINTON TEXAS 79387-0700

ARANSAS COUNTY DISTRICT CLERK'S OFFICE
301 NORTH LIVE OAK STREET
ROCKPORT, TEXAS 78382

PAGE 1 OF 2

# CERTIFICATE OF SERVICE


**ARANSAS COUNTY DISTRICT ATTORNEY**
**301 NORTH LIVE OAK STREET**
**ROCKPORT, TEXAS 78382**


**NEMA BARDIN**
**PETITIONER**

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.        WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
  APPLICANT

NEMA BARDIN
 PETITIONER
        V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
 ARANSAS COUNTY, TEXAS
 CAUSE NO. A-08-5080-4CR

OATH

STATE OF TEXAS,
COUNTY OF TRAVIS

I NEMA BARDIN BEING DULY SWORN, UNDER OATH SAYS: I AM THE PETITIONER IN THIS AMENDED EMERGENCY ORIGINAL HABEAS CORPUS ACTION AND KNOW THE CONTENTS OF THE ABOVE APPLICATION FOR WRIT OF HABEAS CORPUS AND, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE APPLICATION ARE TRUE.

_____
NEMA BARDIN PETITIONER

SUBSCRIBED AND SWORN TO BEFORE ME JUNE 02, 2015.

-----------------------------------
NOTARY PUBLIC

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.       WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

COVER SHEET

Exhibit List

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.      WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
  APPLICANT

NEMA BARDIN
 PETITIONER
      V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

AMENDED
EXHIBIT LIST

Ex # 1  Motion of Defendant Chadrick Pate for Severance of Defendant's

Ex # 2  Indictment

Ex # 3  Charge of the Court

Ex # 4  Criminal Docket Sheet of Applicant Chadrick B. Pate

Ex # 5  9/25/08 Reporters Record Volume 2 of 9 Chadrick Pate

Ex # 6  Order on Motion for Severance Chadrick Pate 9/25/08

Ex # 7  Affidavit of Stacy Deville (On statement from Pam Heard on Mistake of Severance Order page 1 paragraph 3

Ex # 8  10/23/08 Reporters Record Volume 4 of 11 Pre trial hearing Christopher Hall A-08-5080-2CR

Ex # 9  Judge Wellborn's letter to Carrie Crisp Applicant's Habeas Attorney

Ex# 10  Carrie Crisp letter to Judge Wellborn

Ex# 11 10/23/08 Reporter's Record Volume 3 of 9 Chadrick Pate Motion to Dismiss A-08-5080-4CR

Ex# 12  Criminal Docket Sheet Christopher Hall A-08-5080-2CR

Ex# 13  11/25/08 Reporters Record Volume 5 of 11 pre trial hearing Christopher Hall A-08-5080-2CR

Ex# 14  2/5/09 Reporters Record Volume 5A of 11 pre trial hearing S-08-5080-2

Ex# 15  Master Index Christopher Hall Court Reporters Record Volume 1 of 11 page 2

Ex# 16  Indictment Christopher Hall A-08-5080-2CR

Ex# 17  2/9/09 Reporters Record Volume 4 of 9 page 102 line 9-25 Chadrick Pate A-08-5080-4CR

Ex# 18  Reporters Record Volume  of  pages 259 lines 1-25

Page 1 of 2

# EXHIBIT LIST CONTINUED

**Ex# 19   Affidavit of Applicant Chadrick Pate  on Leg Restraints**

**Ex# 20   Reporters Record Volume 6 of 9  page 221 lines 1-25 Chadrick Pate**

**Ex# 21   Index of Events certified to Court of Appeals  Chadrick Pate**

**Ex# 22 Judgment Front Page Chadrick Pate A-08-5080-4CR**

**Ex# 23  District Clerk  Certification to the Court of Appeals**

**Ex# 24 Judge Whately'S certification to the Court of Appeals of all proceedings.**

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

### WRIT NO.      WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
  APPLICANT

NEMA BARDIN
 PETITIONER
     V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR


## COVER SHEET

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.    WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
 PETITIONER
     V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT 1

MOTION OF DEFENDANT CHADRICK PATE FOR SEVERANCE OF DEFENDANT'S

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.     WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
  APPLICANT

NEMA BARDIN
 PETITIONER
       V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

## COVER SHEET

## EXHIBIT 2

## INDICTMENT

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.     WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT  3

CHARGE OF THE COURT

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.     WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
 PETITIONER
      V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

## COVER SHEET

## EXHIBIT   4

## CRIMINAL DOCKET SHEET APPLICANT CHADRICK B. PATE

## IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

### WRIT NO.    WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
  APPLICANT

NEMA BARDIN
 PETITIONER
    V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT   5

9/25/08 REPORTERS RECORD VOLUME 2 OF 9 CHADRICK B. PATE

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.      WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT      6

ORDER ON MOTION FOR SEVERANCE 9/25/08

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.    WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
    APPLICANT

NEMA BARDIN
  PETITIONER
     V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

## COVER SHEET

## EXHIBIT   7

AFFIDAVIT STACEY DEVILLE
DISTRICT CLERK PAM HEARD'S STATEMENT ABOUT THE MOTION OF SEVERANCE
ORDER SIGNED BY JUDGE MICHAEL WELLBORN 9/25/08

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.     WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
  APPLICANT

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

NEMA BARDIN
 PETITIONER
    V.
JUDGE JANNA K. WHATELY

COVER SHEET

EXHIBIT  8

10/23/08 REPORTERS RECORD VOLUME 4 OF 11 PRE TRIAL HEARING CHRISTOPHER HALL A-08-5080-2CR

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.     WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

COVER SHEET

EXHIBIT  9

JUDGE WELLBORN'S LETTER TO CARRIE CRISP APPLICANT'S HABEAS ATTORNEY

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.  WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT    10

CARRIE CRISP LETTER TO JUDGE WELLBORN

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.      WR-78, 165-02


EX PARTE                                    FROM THE DISTRICT COURT
CHADRICK B. PATE TDCJ NO. 01563340          36TH JUDICIAL DISTRICT
APPLICANT                                    ARANSAS COUNTY, TEXAS
                                            CAUSE NO. A-08-5080-4CR
NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY




COVER SHEET

EXHIBIT   11
10/23/08 REPORTERS RECORD VOLUME 3 OF 9  CHADRICK PATE MOTION TO
DISMISS A-08-5080-4CR

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

### WRIT NO.    WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT    12

CRIMINAL DOCKET SHEET CHRISTOPHER HALL A-08-5080-2CR

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.      WR-78, 165-02


EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR


COVER SHEET
EXHIBIT   13


11/25/08 REPORTERS RECORD VOLUME 5 OF 11 PRE TRIAL HEARING CHRISTOPHER
HALL A-08-5080-2CR

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.     WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
 PETITIONER
        V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

## COVER SHEET

## EXHIBIT    14

## 2/5/09 REPORTERS RECORD VOLUME 5-A OF 11 PRE TRIAL HEARING CHRISTOPHER HALL S-08-5080-2

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.   WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT   15

MASTER INDEX CHRISTOPER HALL REPORTERS RECORD 1-11 PAGE 2

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

**WRIT NO.      WR-78, 165-02**


EX PARTE                                               FROM THE DISTRICT COURT
CHADRICK B. PATE TDCJ NO. 01563340          36TH JUDICIAL DISTRICT
APPLICANT                                            ARANSAS COUNTY, TEXAS
                                                           CAUSE NO. A-08-5080-4CR

NEMA BARDIN
 PETITIONER
      V.
JUDGE JANNA K. WHATELY




COVER SHEET

EXHIBIT   16

INDICTMENT CHRISTOEHER HALL A-08-5080-2CR

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.    WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

COVER SHEET
EXHIBIT # 17

2/9/09 REPORTERS RECORD VOLUME 4 OF 9 PAGE 102 LINE 9-25 CHADRICK PATE
A-08-5080-4CF

# IN THE COURT OF CRIMINAL APPEALS  AUSTIN, TEXAS

## WRIT NO.    WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT   18

REPORTERS RECORD VOLUME       CHADRICK B PATE LEG RESTRAINTS PAGE 259
LINE 1-25

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.      WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
APPLICANT

NEMA BARDIN
PETITIONER
V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT   19

AFFIDAVIT OF CHADRICK PATE (LEG RESTRAINTS)

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.        WR-78, 165-02


EX PARTE                                        FROM THE DISTRICT COURT
CHADRICK B. PATE TDCJ NO. 01563340              36TH JUDICIAL DISTRICT
  APPLICANT                                     ARANSAS COUNTY, TEXAS
                                                CAUSE NO. A-08-5080-4CR
NEMA BARDIN
PETITIONER
     V.
JUDGE JANNA K. WHATELY




COVER SHEET

EXHIBIT    20

REPORTERS RECORD VOLUME 6 OF 9  PAGE 221 LINES 1-25 CHADRICK PATE

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.        WR-78, 165-02


EX PARTE                                          FROM THE DISTRICT COURT
CHADRICK B. PATE TDCJ NO. 01563340                36TH JUDICIAL DISTRICT
  APPLICANT                                       ARANSAS COUNTY, TEXAS
                                                  CAUSE NO. A-08-5080-4CR

NEMA BARDIN
 PETITIONER
        V.
JUDGE JANNA K. WHATELY



COVER SHEET

EXHIBIT    21

INDEX OF EVENTS CERTIFIED TO THE OURT OF APPEALS CHADRICK PATE A-08-
5080-4CR

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.        WR-78, 165-02


EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
  APPLICANT

NEMA BARDIN
 PETITIONER
    V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
ARANSAS COUNTY, TEXAS
CAUSE NO. A-08-5080-4CR


## COVER SHEET

## EXHIBIT   22

## JUDGMENT FRONT PAGE CHADRICK PATE A-08-5080-4CR

## IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.     WR-78, 165-02

EX PARTE                                          FROM THE DISTRICT COURT
CHADRICK IB. PATE TDCJ NO. 01563340              36TH JUDICIAL DISTRICT
   APPLICANT                                       ARANSAS COUNTY, TEXAS
                                                   CAUSE NO. A-08-5080-4CR
NEMA BARDIN
 PETITIONER
        V.
JUDGE JANNA K. WHATELY

COVER SHEET

EXHIBIT   23

DISTRICT CLERK CERTIFICATION TO THE COURT OF APPEALS CHADRICK PATE
A-08-5080-4CR

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.     WR-78, 165-02

EX PARTE
CHADRICK B. PATE TDCJ NO. 01563340
 APPLICANT

NEMA BARDIN
 PETITIONER
         V.
JUDGE JANNA K. WHATELY

FROM THE DISTRICT COURT
36TH JUDICIAL DISTRICT
 ARANSAS COUNTY, TEXAS
 CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT   24

JUDGE WHATELY'S  CERTIFICATION TO THE COURT OF APPEALS OF ALL
PROCEEDINGS